Mayor, etc., of Montezuma *vs.* Minor, surviving partner.

1. Under the charter of the town of Montezuma, the municipal authorities have full power to abate a nuisance on the report of the board of health, although such nuisance consists of a mill and machinery run by water. A prior general law providing for the abating of such nuisances did not prevent the legislature from conferring a power to abate them within a town on the municipal authorities thereof in 1871.

(*a.*) Unless particularly named, or necessarily from its terms therein embraced, a local or particular law is not repealed by a subsequent general law.

2. If the town authorities having jurisdiction of the subject-matter do not follow the law in administering and applying it to the facts of the case, the remedy is by *certiorari,* and not by writ of prohibition.

March 20, 1883.

Municipal Corporations. Montezuma. Nuisance. Laws. Injunction. Before Judge Fort. Macon County. At Chambers, January 16, 1883.

Reported in the decision.

B. B. Hinton; L. E. Bleckley, for plaintiffs in error.

Hawkins & Hawkins; John W. Haygood, for defendant.

Jackson, Chief Justice.

The chancellor, on a bill filed for that purpose, granted a writ of prohibition to the mayor and town council of Montezuma, commanding them to desist from abating a

nuisance within the corporate limits of the town; and the grant of that writ is assigned as error here.

1. The question is whether the town authorities were empowered to abate this nuisance, it being a mill and machinery run by water.

By the act of 1833, Code, §§4094, 4095, 4096, 4097, it is enacted that any nuisance may be abated by two justices of the peace upon the opinion of twelve freeholders of the county; if in a town or city, under municipal government, by order of that government; and if the nuisance complained of be a grist or saw mill, or other water machinery of value, it shall not be destroyed or abated except upon the affidavit of two or more freeholders before the ordinary, who is to summon a jury of twelve men, through the sheriff, and try the case at the court house of the county. Inasmuch as this nuisance is of the latter character, it is insisted that the city authorities had no power to abate it; but that the jurisdiction is in the ordinary in all such cases. If the act of 1833, which is a general law, stood alone, it might be matter of doubt whether this provision in regard to water machinery and mills, would be applicable to cities and towns and nuisances therein. But the jurisdiction of the city authorities of Montezuma rests on the charter of that town. By that charter, all nuisances are under the supervision of the town authorities. Acts, 1871-2, p. 123. The 19th section of that act provides for a board of health whose duty it is to report all nuisances, and thereupon they may be summarily abated. The general law of 1833, did not prevent the general assembly of 1871 from granting a charter conferring broader powers on city authorities. These broader powers are conferred on this city or town, and in our judgment its authorities had full power to abate this nuisance on the report of the board of health. It is further insisted that the general assembly has subsequently recognized the act of 1833, to-wit: by the acts of 1874 and 1875, codified in sections 4096 and 4097; but these acts merely refer to and embrace the mode

of carrying out the act of 1833, by juries, etc., where that act is applicable. If its application to Montezuma was taken away by its charter, the subsequent law cannot affect this question. Besides, unless particularly named, or necessarily from its terms therein embraced, a general law does not repeal a local or particular law. 67 *Ga.*, 319, 326; 8 Ohio N. S., 131; Sedgwick on Construction of Stat., p. 98.

This view of the case renders it unnecessary to pass on the question whether or not the party should have pleaded to the jurisdiction of the town authorities rather than apply for the writ; and to consider the inaccuracy, perhaps, of applying to equity rather than to the law side of the court for such a writ, and of mixing up the application for the writ of injunction and prohibition together.

2. If the town authorities having jurisdiction of the subject-matter, do not follow the law in administering and applying it to the facts of the case, the remedy is by *certiorari* and not by prohibition.

Judgment reversed.