## JACKSON *v.* CALHOUN, Judge, *et al.*

It was not error to deny the writ of prohibition in this case.

(*a*) The jurisdiction of this ancient writ, which flowed from the executive authority of the king, delegated to his courts, primarily preventive or restraining, is only incidentally remedial; and the writ is not generally available for the relief of grievances which may be redressed in the

ordinary course of judicial proceedings, and when the ordinary and usual remedies provided by law are applicable and available.

(b) The writ of prohibition cannot be invoked merely because the usual and ordinary remedy is indirect and inconvenient; and the writ should be granted only when it is apparent that the rights of the applicant cannot be adjudicated by any other remedy. It is not an appropriate remedy for testing the constitutionality of a law.

(c) In the present case the criminal court of Atlanta has jurisdiction of the accusations, the trial of which the petitioner sought by prohibition to prevent upon the ground that the law under which such accusations were based is unconstitutional; and it must be presumed that these cases would be legally tried and reach their proper conclusion. Should this not be the result, the petitioner has an adequate remedy by certiorari.

No. 3583. NOVEMBER 16, 1923.

Application for prohibition.   Before Ellis.   Fulton superior court.   January 12, 1923.

*R. R. Jackson* and *John F. Echols*, for plaintiff.

*A. C. Minhinnett Jr.* and *A. O. Randall*, for defendants.

RUSSELL, C. J.   Two accusations were sworn out in the criminal court of Atlanta against the plaintiff in error.   Both accusations charged misdemeanors.   In one of these accusations he was accused of having violated the provisions of section one of the act regulating the signing of criminal bonds by professional bondsmen, approved August 10, 1921 (Acts 1921, p. 243), in that it was alleged that he had charged and received more compensation as surety on a criminal bond of one S. C. Perkerson than was allowed by law.   In the second accusation he was charged with having violated section six of the same act (Acts 1921, p. 245), by surrendering his principal, S. C. Perkerson, into the custody of the Fulton County jail without returning to him the sum of $50 paid to him for signing the bond as surety.   The plaintiff in error was arrested and gave bond for his appearance to answer these charges, and the cases were set for trial on December 12, 1922.   He was informed by the judge and solicitor of the court that the cases would be tried on that date, and on December 12, 1922, he presented to his honor George L. Bell, judge of the superior court of the Atlanta circuit, a petition for a writ of prohibition.   Upon the petition the judge issued a rule nisi requiring the judge and solicitor of the criminal court of Atlanta to show cause, on December 23, 1922, why the writ of prohibition should not be granted.   The hearing was continued until January 12, 1923, when the matter was heard by his honor, W. D. Ellis, judge of the Atlanta circuit, when a general

demurrer filed by the defendants was sustained and the petition was dismissed. The present writ of error challenges the correctness of this judgment, and it is insisted that the writ of prohibition should have been granted. The petition in its entirety is incorporated in the bill of exceptions, and is based upon the alleged invalidity, in many respects, of the act of 1921 to which we have previously referred. It is unnecessary here to enumerate the grounds upon which that statute is attacked. Among others, it is insisted that sections one and six, upon which the two charges against the defendant are based, are unconstitutional and void, because they are in violation of article one, section one, paragraph 2, of the constitution of Georgia (Civil Code, § 6358), and of article one, section 5, paragraph 2, of the constitution (§ 6394), and of the ninth and fourteenth amendments to the constitution of the United States (§§ 6692, 6700); also that the aforesaid act is violative of article 3, section 7, paragraph 8, of the constitution (§ 6437), in that the act contains matter different from what is expressed in the title thereof. It is also alleged as a reason why the writ of prohibition should issue that the act under which the accusations are brought was repealed by the passage of the general tax act of 1921, and that by the terms of section 8 no penalty is provided which would authorize the infliction of punishment.

We think the trial judge correctly declined to issue the writ of prohibition, and that he did not err in sustaining the demurrer. It was not necessary for the trial judge to have considered the allegations of the petition further than to ascertain whether the criminal court of Atlanta had jurisdiction to try the cases referred to in the petition, and thereby, or otherwise, ascertain whether the petitioner was deprived of all remedies unless the writ of prohibition was issued. Since the refusal of the writ of prohibition in this case, this court, in passing upon the case of *Jackson* v. *Beavers,* 156 *Ga.* 71 (118 S. E. 751), adjudicated all of the questions as to the validity of the act of 1921, regulating the business of professional bondsmen; and the judgment of the court upon question of these provisions was adverse to the contentions of the plaintiff in error as presented in the petition for the writ of prohibition. However, as we have just remarked, whether the act of 1921 was constitutional or unconstitutional, this question would afford no reason for granting the writ of prohibition nor would that fact in

any way affect the issue unless the petitioner had no other remedy. Prohibition is a writ to prevent a tribunal possessing judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. *City of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753). As its name imports, the writ is one which commands the person to whom it is directed not to do something which by the suggestion of the relator the court is informed he is about to do. U. S. *v.* Hoffman, 4 Wall. 158 (18 L. ed. 354). It is well defined by Blackstone as a writ "directed to the judge and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." 3 Bl. Com. 112.

While the writ of prohibition has been classified as an equitable remedy by this court (*Mayor &c. of Montezuma* v. *Minor,* 70 *Ga.* 191), historically it is a common-law writ of very ancient origin. So much so that forms of it are given in Glanville, the first book of English law, written in 1189 A. D. It was one of the prerogative writs of the king, necessary to control subordinate functionaries and authorities. State *v.* Road Commissioners, 1 Mill (S. C.), 55 (12 Am. D. 596, and note). It flowed from the executive authority of the king, delegated to his courts. Jurisdiction by prohibition is primarily preventive or restraining. Havemeyer *v.* Superior Court, 84 Cal. 327 (24 Pac. 121, 10 L. R. A. 627, 18 Am. St. R. 192) ; Powhatan Coal Co. *v.* Ritz, 60 W. Va. 395 (56 S. E. 257, 9 L. R. A. (N. S.) 1225). It is only incidentally remedial in that it may result in relief to parties. Powhatan Coal Co. *v.* Ritz, supra; note to 3 L. R. A. 56. Generally it is not available for relief of grievances which may be redressed in the ordinary course of judicial proceedings by other legal remedies. Prohibition being an extraordinary writ, it can not be used when the ordinary and usual remedies provided by law are applicable and available. Alexander *v.* Crollott, 199 U. S. 580 (26 Sup. Ct. 161, 50 L. ed. 317). Even an indirect and inconvenient remedy may be sufficient to prevent the issuance of the writ. People *v.* Wyatt, 186 N. Y. 383 (79 N. E. 330, 10 L. R. A. (N. S.) 159). It may be safely held that it is only when there is something in the nature of the

action or proceeding that makes it apparent that the rights of the parties litigant can not be adequally protected by any other remedy than by the writ of prohibition that the writ should be granted. Rush *v.* Denhardt, 138 Ky. 238 (127 S. W. 785, Ann. Cas. 1912A 1199). Accordingly the order of the learned trial judge dismissing the petition upon the ground " that the writ sought is not the proper remedy " was not error. The writ of certiorari (if no other remedy) was available to the petitioner; the criminal court of Atlanta had jurisdiction of the accusations against him; and if he were convicted in that court under unconstitutional laws, he would still have a remedy in the right of review. The criminal court of Atlanta having jurisdiction of the accusations against the petitioner, it must be presumed that the cases would be legally tried and reach their proper conclusion. As said by Chief Justice Jackson in *Hart* v. *Taylor,* 61 *Ga.* 156, where even the jurisdiction of the court was questioned — whether the justices had jurisdiction to abate the nuisance complained of: " If the justices erred, the remedy is by certiorari to the superior court, and thence to this court by bill of exception. So that all the courts are open to the contestants, and the nuisance had as well be tried and determined in that as in any other manner. . . The writ of prohibition, which ought never to be granted except upon a strong case clearly made out, of want of jurisdiction in the court sought to be prohibited, should not have been granted in this case." The same principle was announced in *Mayor &c. of Montezuma* v. *Minor,* supra. The same Justice, again delivering the opinion of the court, said, " If the town authorities having jurisdiction of the subject-matter do not follow the law in administering it and applying it to the facts of the case, the remedy is by certiorari, and not by writ of prohibition."

*Judgment affirmed. All the Justices concur.*