## STEPHENS *v,* CITY OF ELLIJAY *et al.*

No. 7847. DECEMBER 15, 1930.

*G. A. Jones,* for plaintiff. *Watkins Edwards,* for defendant.

RUSSELL, C. J. T. M. Stephens filed a petition to enjoin the City of Ellijay and the mayor thereof from destroying the barn

and "old back house" on his lot at his home in Ellijay. The judge dismissed the petition upon demurrer, and the plaintiff excepted. In his petition he alleges that he is the owner of a small lot, 45 x 108 feet, on which he resides and on which is located a barn and privy; that on January 18, 1930, he was ordered before B. C. Logan, as mayor of the City of Ellijay, "to show cause why certain fumes and obnoxious odors should not be abated" that were issuing from said barn and privy, and after a hearing the mayor ordered the same to be abated; that the mayor, under and by his authority as such, is threatening to tear down and destroy said privy and barn; that the mayor has no authority of law to remove or cause the same to be removed, because no order was passed to require plaintiff to move his barn and privy, the only order being that "it is considered, ordered, and adjudged by the court that the nuisance complained of be abated and suppressed, and that defendant pay all costs of this proceeding. . . It is further ordered by the court that T. M. Stephens be allowed ten days to abate said nuisance. B. C. Logan, Mayor of the City of Ellijay." Plaintiff alleges that just after that order was passed, in response thereto he immediately cleaned out said barn and privy and put them in a sanitary condition, and complied with said order; that the City of Ellijay has no sewers; that the only barn and privy he can have is of the same type as at present, and his privy and barn are in as good and sanitary a condition as practicable; that he was never ordered or notified in any way by the mayor, or any one else acting in an official capacity for said city, that proceedings were being instigated to destroy said building, and he has never been given a hearing on said matter; that he is a poor and aged man, and for many years has maintained a privy of like nature and character; that if he is deprived of the use of his privy it will result in great injury to his health, in that he is old and feeble and not able to go a distance of half a mile to the woods in order that he may get out of the city limits into the woods to respond to nature's calls, and some members of his family are in like condition as himself; that the mayor is threatening to continue ordering this plaintiff to appear before him to show cause why this privy and barn should not be torn down and put out of existence as a nuisance; that if said mayor is allowed to continue annoying, harassing, and disturbing him in his property rights, it will result in irreparable damage to

him in money and time; that it is necessary for him to resort to a court of equity for the purpose of relief, not only to prevent a multiplicity of suits, but because he has no adequate remedy at law; and "that a court of equity is the only court that this plaintiff can call upon to protect him in his property rights as a citizen of said City of Ellijay."

"Petitioner shows that said mayor is acting and threatening to act without the scope of his authority, in that he is ordering Sam Hood, as chief of police in and for said city, to enter upon the premises of this defendant and destroy said property, and that it be done at the expense of this plaintiff; and that any such acts or doings on the part of B. C. Logan as mayor, or on the part of Sam Hood as police chief, is without authority of law and is in violation of the constitution of the State of Georgia, article 1, section 1, and paragraph 3, of the same, which declares, 'No person shall be deprived of life, liberty, or property, except by due process of law.'" The prayer of the petition is for injunction restraining the defendants from doing the acts complained of. The City of Ellijay demurred upon the grounds, (1) that the petition sets forth no cause of action against the city; (2) that it appears from the petition that a court of equity is without jurisdiction, for the reason that the matter has been adjudicated by the mayor's court of the city, which is a court of competent jurisdiction, and the matter is governed and controlled by the city and the charter and ordinances of the city are to said city as the constitution of the State of Georgia is to the General Assembly; (3) that in a proceeding to abate a nuisance the mayor of said city, who is the presiding officer of the police court, has jurisdiction to suppress and abate a nuisance after a hearing, if in his sound discretion he deems such to be a nuisance; that nuisances are abated under the city charter, and the superior court has no jurisdiction to abate nuisances. The demurrer was sustained and the petition dismissed.

An answer was filed, and was specified as a part of the record to be transmitted to this court, and was so transmitted; but in the decision of the court's ruling upon demurrer the answer is entirely immaterial and can not be considered. Under section 19 of the act incorporating the City of Ellijay, approved August 14, 1909, Georgia Laws, 1909, p. 844 et seq., there was created a city police court for the municipal corporation, empowered to sit at any time,

at the pleasure of the mayor or other presiding officer, as well as to hold regular sessions at such times as might be fixed by ordinances. The mayor was designated as the presiding officer of said court, and empowered to "prescribe rules for the orderly conduct of its business, not in conflict with the laws of the State or the ordinances of the city." The court thus created is a court of record; and in subsection (4) of the 19th section it is provided that "where the violation of a city ordinance is charged, it shall be the duty of the officer making the arrest to prefer charges in writing, setting forth the facts charged, in substantially the following form: 'I (marshal or policeman, as the case may be) of the City of Ellijay, in the name and behalf of the citizens of said city, charge and accuse ———————— with the offense of ———————, for that said ———————— in said city, on the ——— day of ——————— did ——————, contrary to the laws of said city, the good order, peace, and dignity thereof,' which accusation must be signed by the officer preferring the same," and it is required that a copy of said accusation shall be furnished to the accused at least six hours before trial, unless waived, etc. In the 7th paragraph of the 19th section the constitutional right of certiorari from the judgment of said court is preserved in all cases. The 23d section of the act incorporating the City of Ellijay, upon the subject of nuisances, declares: "The board of council may prescribe by ordinance the method of abating nuisances, and require any nuisance to be abated in a summary manner at the expense of the person causing the same, or the owner of the premises whereon it shall exist. The jurisdiction to try and determine all such proceedings shall vest in the police court, and the execution herein provided for shall issue from said court as other executions thereof."

From the above extracts from the charter of the City of Ellijay it will be observed that not only has the court jurisdiction of the subject of nuisances within· the corporate limits, but any nuisance may "be abated in a summary manner," and that no such accusation in writing, or copy thereof, is required as in the case of a violation of purely municipal ordinances hereinabove quoted. Under the allegations of the petition, the plaintiff was given notice and accorded a hearing before the police court of Ellijay as created by the act of 1909; and he alleges that in pursuance of an order he removed the cause of the obnoxious odors, etc., and complied with

the order, as he claims, as far as was practicable in a town having no sewerage. But the petition also alleges that this was not a satisfactory compliance with the order of the mayor who issued the order, and that the mayor and marshal and others are now threatening to destroy his privy at his expense unless he himself does so. So the question raised in the demurrer, that this is not depriving the petitioner of his property without due process of law, as contended by the petitioner, must be first determined. We are of the opinion, inasmuch as the charter says a nuisance may be abated in a summary manner, and it still appears that the petitioner had notice and an opportunity to be heard, and that his right of certiorari to the judgment of the municipal judicatory to the superior court in the usual manner provided by law was open to him, that the demurrer to this part of the petition was properly sustained, and that the allegation of the petition that petitioner had no adequate remedy at law is unsupported. In any event, the point that petitioner was unconstitutionally deprived of any right, for want of due process as provided by the constitution, lost all its force when the plaintiff admitted in his demurrer that he had a hearing, and, after a hearing "before said mayor of the City of Ellijay, the said B. C. Logan, as mayor, ordered the same to be abated." Under the plain provisions of the charter, he could at once have filed a petition for certiorari and thereby have tested the validity of the judgment.

*Judgment affirmed.* *All the Justices concur.*