CALHOUN, solicitor-general, *ex rel.* CHAPMAN,
*v.* GULF OIL CORPORATION *et al.*

No. 13038. NOVEMBER 15, 1939. REHEARING DENIED DECEMBER 5, 1939.

416

*Jule Felton,* for plaintiff.

*T. M. Smith, MacDougald, Troutman & Arkwright,* and *C. W. Foy,* for defendants.

JENKINS, Justice. 1. "If a nuisance complained of shall exist in a town or city under the government of a mayor, . . aldermen, . . or a common council . . , such nuisance, by and with the advice of said aldermen, . . [or] council ; . . may be abated and removed by order of said mayor." Code, § 72-401. "If the nuisance [is] a public one merely, and no private individual suffered special damage therefrom, then the proceedings to abate the same should [be] in the name of the city, acting upon the motion of the corporate body itself, or in the name of the city upon the application of some citizen." *Trust Co. of Ga.* v. *Ray,* 125 *Ga.* 485, 486 (54 S. E. 145). Where a statutory proceeding under the Code, § 72-401, might have been brought in the name of the city, upon the application of a citizen, to abate a public nuisance from which he has suffered no special damage, but it is made to appear that the nuisance complained of consists in the alleged use of a public street by a defendant lessee under a contract with the city, and that accordingly the city authorities, by reason of granting the permit for the alleged nuisance, are disqualified from acting as triors of the question whether such use of the city street constituted a nuisance, a court of equity would have jurisdiction of a suit brought in the name of the solicitor-general at the instance and on the information of such a citizen. Code, § 72-202; *Hill* v. *McBurney Oil Co.,* 112 *Ga.* 788, 790 (38 S. E. 42, 52 L. R. A. 398); *Williamson* v. *Souter,* 172 *Ga.* 364 (3), 365 (157 S. E. 463); *Broomhead v. Grant,* 83 *Ga.* 451 (10 S. E. 116); *Mayor &c. of Columbus* v. *Jaques,* 30 *Ga.* 506 (2, 3), 509.

2. "Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice third persons." Code, § 24-112. As to the qualification of judges and jurors, even though having an "interest in the cause," unless objection is made, see Code, §§ 24-111, 59-716.

3. In accordance with the foregoing principles, where a suit for injunction was instituted in the name of the solicitor-general at the instance and on the information and affidavit of verification of a citizen and taxpayer of a city, to abate a nuisance on account of an alleged encroachment in a city street, in which it was alleged that the city authorities were disqualified to determine the question, because the alleged encroachment was made by and under the authority of a written contract between the defendants and the city authorities, but where, pending the determination of such equitable proceeding, the complaining citizen, as the active movant in the proceeding, after informing the court of his intention so to do, actually entered his formal demand upon the city authorities to abate the nuisance in accordance with the prescribed statutory procedure as to a municipality, such action on the part of the complaining citizen amounted to a waiver of the disqualification of the governing authorities to pass upon the question at issue, so far as his own rights were concerned, and consequently to a renunciation of his right to further maintain the equitable procedure based upon such disqualification, which had thus in effect become functus officio. Having invoked a decision by the city authorities under the statutory procedure, his remedy after an adverse decision would have been by certiorari, which he could have maintained in the name of the city on his application and at his instance (see *Mayor &c. of Montezuma* v. *Minor,* 70 *Ga.* 191 (2), 193), and not by a resumption of the equitable proceeding, founded upon the original disqualification of the municipal authorities. This is true irrespective of any declaration or intimation by the complaining citizen to the court or to the city authorities, in his statutory demand to remove, that he would resume his equitable remedy in the event of an adverse decision by the city authorities.

*Judgment affirmed. All the Justices concur.*