WASHINGTON SEMINARY INC. *et al. v.* BASS *et al.*

No. 13842.   SEPTEMBER 12, 1941.

812

*Spence & Spence,* for plaintiffs.

*McElreath, Scott, Duckworth & Riley,* for defendants.

DUCKWORTH, Justice.  In the foregoing statement of facts are set forth the allegations of paragraphs 4 and 7, relating to the Planning Commission. An examination of both the charter amendment authorizing the City of Atlanta to adopt zoning ordinances (Ga. L. 1929, p. 818), and the zoning ordinance attached to the petition as an exhibit, discloses that both define the duties and powers of the Planning Commission, and that this commission is given power only to make recommendations, and is not empowered

to zone or rezone any portion of the city; and that the power to zone is confined exclusively to the mayor and general council, and under the charter amendment no part of this power is delegated to any other agency, board, or commission. Therefore at the outset we put aside as irrelevant all averments of the petition relating to the Planning Commission, and consider only the relevant allegations which pertain to the Board of Zoning Appeals. Section 21 of the zoning ordinance provides that the ordinance shall be enforced by the inspector of buildings under the rules and regulations of the Board of Zoning Appeals; and this section defines the powers of this board as follows: "The Board of Zoning Appeals shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this ordinance. Any decision of the inspector of buildings made in the enforcement of this ordinance may be appealed to the Board of Zoning Appeals by any person claiming to be adversely affected by such decision. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Zoning Appeals shall have the power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, service, safety, and general welfare may be secured and substantial justice done." From the quoted provision of the zoning ordinance it is apparent that the powers of the Board of Zoning Appeals do not include the power to zone or rezone, but rather to make specific alterations in accord with the terms and spirit of the zoning ordinance. It also is apparent that the inspector of buildings first must insist on full compliance with the zoning ordinance, and that in specific cases property owners affected may appeal from the inspector of buildings to the Board of Zoning Appeals; and that board, after consideration, is empowered to overrule the inspector of buildings. The petition as amended makes no attempt to show how the matter was brought before the Board of Zoning Appeals, but it is assumed that it was properly and legally presented to that board as an appeal from the decision of the inspector of buildings. Section 10(a) provides that "The Board of Zoning Appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general

purposes and intent." It is observed that a prerequisite to the exercise of the power above mentioned is "public notice and hearing." Section 2 defines various terms used in the ordinance, and in subsection (o) thereof the "public notice" required, first, on a petition to amend the zoning ordinance (which has no relevancy in the present case), and second, of an appeal, is defined. The latter applies in the present case, and it is provided that such "public notice" of an appeal shall be a written notice by the secretary of the Board of Zoning Appeals to the owners of adjoining property within a distance of at least 100 feet in each direction along street frontages or otherwise as may be directed by the Board of Zoning Appeals.

It follows that the notice required in the present case was a written notice to be mailed to property owners within 100 feet by the secretary of the Board of Zoning Appeals, or otherwise if directed by that board. An examination of the allegations of the petition relating to service discloses that notwithstanding it is alleged that the decision of the Board of Zoning Appeals is void because "there was no public hearing to which interested parties were invited or informed was to be held," it is further alleged: "and because the owners of property located within 100 feet of the property about to be rezoned must be personally served with written notice, and Mr. Chas. H. Black owned the adjoining property and was not served until after the property had been rezoned, and because Montgomery-Ward, a corporation, was the owner of property located within less than 100 feet, and was not served." These allegations of want of notice and service are construed together, and so construed they amount to an averment that the two parties named were not served; and by thus naming parties not served the petition is construed to concede that all other parties including petitioners were duly served. As ruled above, it was not necessary in the present case that any notice be filed or sign posted on the lot or notice published, as provided in section 2(o) of the zoning ordinance in cases of a petition to amend the ordinance. Thus construed, the petition asserts that a decision has been rendered by the Board of Zoning Appeals granting a right to the defendants, of which the petitioners now complain, but fails to show that all of the complaints now sought to be made were not duly and fully presented before the Board of Zoning Appeals, or to state any reason why it was not done. Under

the charter amendment, it is provided that "every decision of the Board of Zoning Appeals shall be subject to writ of certiorari issued from the superior court upon the same terms as such writs are issued in any case." Thus it is obvious that petitioners were afforded a remedy at law to review and attack the decision of the Board of Zoning Appeals complained of, which remedy was the writ of certiorari from the superior court. It does not appear that the petition for certiorari has been sanctioned, or even presented. In such circumstances the decision complained of is not shown to be invalid, and it has now become final and constitutes an adjudication of the questions now sought to be presented by the petition. In *Jones* v. *Johnson & Ledbetter Construction Co.*, 185 *Ga.* 323 (194 S. E. 902), a suit in equity was instituted, seeking to enjoin a levy and sale under a judgment of the justice's court. This court said that the judgment complained of was final until revoked or set aside; and it not appearing that a petition for certiorari had been sanctioned, the petition showed no ground for injunction. A case very similar on its facts is *Calhoun* v. *Gulf Oil Cor.*, 189 *Ga.* 414 (5 S. E. 2d, 902). There the complaining parties first sought relief in equity, and then postponed a hearing in that court until complaint could be made to the governing body of the municipality. After a hearing by the municipal authorities a decision was rendered against the complainant, and when the case was again considered in the court of equity the decision of the municipal authorities was introduced, and a motion to dismiss the equity suit was sustained. On review in this court it was said: "Having invoked a decision by the city authorities under the statutory procedure, his remedy after an adverse decision would have been by certiorari, . . and not by a resumption of the equitable proceeding, founded upon the original disqualification of the municipal authorities." It follows that in the present case that portion of the amended petition assailing the decision of the Board of Zoning Appeals states no valid ground for relief, because the remedy available to petitioners on that question is certiorari from the superior court.

The petition, however, alleges that the operation of a steam laundry on Bass's property would constitute a nuisance per se, causing irreparable injury to petitioners' property. It has been held that a steam laundry is not an obnoxious or unwholesome bus-

iness, and is not a nuisance per se. Walcher *v.* First Presbyterian Church, 76 Okla. 9 (184 Pac. 106, 6 A. L. R. 1593) ; Spann *v.* Gaither, 152 Md. 1 (136 Atl. 41, 50 A. L. R. 620). In numerous decisions of this court a "nuisance per se" has been defined as an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344, L. R. A. 1915E, 430) ; *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643) ; *Thomoson* v. *Sammon,* 174 *Ga.* 751 (164 S. E. 45). In *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610 (7 S. E. 2d, 172), it was said that "equity will not enjoin, as a nuisance *per se,* 'an act, occupation, or structure which is [not] a nuisance at all times or under all circumstances, regardless of location or surroundings,' . . or enjoin, as a nuisauce *per accidens,* an act, business, occupation, or structure, which, not being a nuisance per se, does not become a nuisance by reason of the particular circumstances of its operation or the location and surroundings, as by some improper manner of operation or improper connected acts." The petition makes no attempt to describe the steam laundry, to give its appearance, structural material, manner of operation, or any results flowing from its presence and operation, but rests the case upon general averments that petitioners' properties will be irreparably injured by the mere presence of the steam laundry. These allegations of irrparable injury, supported by no single allegation of fact, are legal conclusions, and do not constitute valid averments. In *Burrus* v. *Columbus,* 105 *Ga.* 42 (31 S. E. 124), it was said : "It is well established that the mere allegation of irreparable injury is not sufficient to authorize the granting of an injunction, but facts must be alleged upon which the charge of irreparable injury is predicated, in order that the court may be satisfied as to the nature of the injury. . . Whether the damage is or is not irreparable, is a conclusion of law which the court draws from the facts and circumstances as set forth in the petition. *Justices* v. *Griffin,* 11 *Ga.* 246. Hence, 'facts must be set forth, specifications of the injury made, so that an intelligent mind may understand how and to what extent there will be injury.'" Under the rulings made the steam laundry is not a nuisance per se, and the mere conclusions that it will cause injury to petitioners' property are insufficient to show that it is a nuisance per accidens. It follows that the peti-

tion as amended failed to allege injury entitling petitioners to the relief sought. A decision on the constitutional questions, if properly raised, is unnecessary; for the result would be the same, regardless of how those questions might be decided. The petition alleged no cause of action, and the general demurrer was properly sustained. This decision controls adversely to the plaintiffs the assignment of error on the judgment denying an injunction.

*Judgment affirmed. All the Justices concur.*