## CITY OF CEDARTOWN *et al.* v. PICKETT.

No. 14054. April 15, 1942. Rehearing denied May 18, 1942.

· *J. B. Edwards,* for plaintiffs in error.

*W. W. Mundy Jr., Barry Wright,* and *Henry J. Fullbright Jr.,* contra.

JENKINS, Justice. 1. Although certiorari is not an appropriate remedy to review or obtain relief from the judgment, decision, or action of an inferior judicatory or body rendered in the exercise of legislative, executive, or ministerial functions, such a writ does lie for the correction of errors in decisions by municipal corporations, courts or councils, like other inferior judicatories, when rendered in the exercise of their judicial powers. *Bryant* v. *Board of Education,* 156 *Ga.* 688 (1, *a*) (119 S. E. 601); *Carr* v. *Augusta,* 124 *Ga.* 116 (2), 121 (52 S. E. 300), and cit.; Code, §§ 19-101, 19-203.

(*a*) The decision by the governing body of a municipality as to whether alleged acts constitute a nuisance in violation of a city ordinance, and whether they should be abated as provided by other

city ordinances, made after a trial in which the parties at interest participated, was a judicial determination from which certiorari would lie, and not, as contended, an exercise of mere legislative, executive, or ministerial functions.

2. Whatever might be the proper limitation and scope of the recognized rule that the writ of certiorari will not lie to set aside a verdict or judgment which is not merely erroneous but absolutely void (see, in this connection, *McDonald* v. *Farmers Supply Co.*, 143 *Ga.* 552, 555, 85 S. E. 861, and cit.; *Allied Mortgage Cos.* v. *Gilbert*, 189 *Ga.* 756 (2), 758, 8 S. E. 2d, 45) a judgment rendered by a municipal judicatory, wherein the ordinance involved in the proceeding has been attacked as unconstitutional and void, and the defendant has had his day in court in that proceeding, is not itself void, even though it might be erroneous with respect to the decision made as to the validity of the ordinance. *Forbes* v. *Savannah*, 160 *Ga.* 701 (4) (128 S. E. 806); *Brown* v. *Valdosta*, 48 *Ga. App.* 125 (172 S. E. 72). The unanimous ruling in paragraph 4 of the *Forbes* decision was not overruled in *Maner* v. *Dykes*, 183 *Ga.* 118 (2) (187 S. E. 699), which dealt only with paragraph 2 of the *Forbes* case.

3. Even where a case involves directly and primarily a property right, and even though equity may afford to the person so injured a more adequate and complete remedy than he would have under the procedure at law (*Great Atlantic & Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458, 464 (6 S. E. 2d, 320); *City of Albany* v. *Lippitt*, 191 *Ga.* 756, 760 (13 S. E. 2d, 807)), yet where he, as the defendant in a proceeding before a municipal judicatory, has elected to maintain his rights under that proceeding and has thus had his day in court (contrary to the facts in *City of Acworth* v. *Western & Atlantic R. Co.*, 159 *Ga.* 610 (5), 126 S. E. 454, and *Southeastern Greyhound Lines Inc.* v. *Atlanta*, 177 *Ga.* 181, 170 S. E. 43), he can not ordinarily thereafter be heard, on a petition in equity, to question the constitutionality of the ordinance involved in the decision; but his remedy was to have made his defense before the municipal judicatory, and to have corrected by certiorari any error in its decision. *Washington Seminary Inc.* v. *Bass*, 192 *Ga.* 808 (16 S. E. 2d, 565); *Calhoun* v. *Gulf Oil Corporation*, 189 *Ga.* 414, 418 (3) (5 S. E. 2d, 902); *Stephens* v. *Ellijay*, 171 *Ga.* 612, 615, 616 (156 S. E. 253); *Jones* v. *Johnson & Ledbetter*

*Co.,* 185 *Ga.* 323 (6), 325 (194 S. E. 902) ; *Mayor &c. of Montezuma* v. *Minor,* 70 *Ga.* 191 (2), 193.

4. Under the preceding rulings, the court erred in overruling the general demurrer of the city to the petition for an injunction against its enforcement of an order by the city commission that petitioner abate his junk business as a nuisance, and in granting an interlocutory injunction. This is true for the reason that it appears from the petition that he had had his day in court, and his remedy was to raise the constitutional questions in the trial in which he participated before the city commission, and to review by certiorari any alleged error of that tribunal.

*Judgment reversed. All the Justices concur.*