NEW MISSION BAPTIST CHURCH *et al. v.* CITY OF ATLANTA *et al.*

No. 15271. FEBRUARY 21, 1946. REHEARING DENIED MARCH 5, 18, 1946.

520

*Haas, Lyons & Hurt,* for plaintiffs.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Ralph Williams, J. E. Feagin,* and *Hugh G. Head Jr.,* for defendants.

BELL, Chief Justice. ■ The building permit, alleged to have been issued by the inspector of buildings to New Mission Baptist Church on April 10, 1944, authorizing additions to the church building at the designated location, was presumably issued in accordance with the ordinance conferring authority upon the building inspector to enforce the zoning ordinances "under the rules and regulations of the board of zoning appeals," and was apparently valid. Nothing to the contrary appearing, it is presumed that the building inspector acted within his authority and according to the rules and regulations of the board. *Hogg v. Rome,* 189 *Ga.* 298 (1), 302 (6 S. E. 2d, 48); *Town of McIntyre* v. *Scott,* 191 *Ga.* 473, 476 (8) (12 S. E. 2d, 883).

It appeared from the petition that a former pastor of the church had been convicted in the recorder's court on a charge of having violated a zoning ordinance prohibiting the use of a building for church services in a residential district, without having first obtained a "special permit so to do;" that such conviction was re-

versed by the superior court on certiorari; and that the inspector of buildings shortly thereafter issued or caused to be issued the said permit of April 10. It is true that the permit did not state in terms that it was a permit to establish a church in a residential district, being in form "a permit to make additions to frame church at 375 Orange Street;" yet the alleged circumstances, together with the quoted language, show clearly that it was so intended. A permit to make additions to frame church would imply, at least prima facie, a permission to use such building for church purposes, and the letter written by the inspector on July 19, 1944, in which he attempted to revoke such permit, shows that he himself so construed it.

Nor could such permit be revoked by a mere ex parte declaration of the inspector, as was sought to be done in his letter of July 19, and the attempted revocation being wholly void, the permit remained of force.. *City Council of Augusta* v. *Sanders,* 164 *Ga.* 235 (2) (138 S. E. 234).

■ In view of what has been said above as to the validity of the existing permit, there would be no violation of the zoning ordinances in conducting church services at the designated location, and consequently there was no warrant for the statement of the inspector, in the same letter of July 19, that he would "make cases against some one in charge of the church every time you hold a service in the church." While the petition was brought in the name of the church as an unincorporated voluntary association, and "Joseph Reese, as chairman of its board of deacons," it appeared from an exhibit to the petition that Joseph Reese was also a member of the church. It was alleged in the petition that, unless the defendants, the City of Atlanta and the inspector of buildings, are restrained and enjoined, they will continue to make cases in the recorder's court against the pastor or some of the church's officers, and that such course of conduct will "drive the membership of said church away, and make it impossible for said church to obtain the services of a pastor to conduct religious services in said church for fear of being prosecuted, arrested, and imprisoned for alleged violation of the zoning ordinance of the City of Atlanta," and that the petitioners have no complete and adequate remedy at law.

The petition contained, among others, the following prayers:

That the court decree that said building permit of April 10, 1944, is still of force; that the defendants be enjoined from further making cases against said church, its officers and pastor, for alleged violation of said zoning ordinance, and from carrying out the threats contained in the notice (that is, the letter of July 19) ; and for general relief.

It follows from what has been said that the petition stated a cause of action for some of the relief sought, unless the contrary should be held, in view of certain additional questions, next to be considered.

■ The case does not come within the rule that equity will not intervene to enjoin a criminal prosecution. The letter of the building inspector stated that he would make cases against "some one in charge of the church every time you hold a service in the church." Only the "some one in charge" who might be thus prosecuted would have the right to defend against such prosecution. Those who were not prosecuted could only stand by, unless a court of equity should intervene. In the meantime, the church of which they were members might disintegrate, for that such prosecution would tend to drive the membership away, as well as deter ministers, as alleged in the petition. In such case, those who were not prosecuted would not have an adequate remedy at law, and could therefore resort to a court of equity for the purpose of preventing such unwarranted prosecutions and resulting disintegration of the church. *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (1) (6 S. E. 2d, 320); *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (1) (13 S. E. 2d, 807); *Braddy* v. *Macon,* 194 *Ga.* 871 (1) (22 S. E. 2d, 801).

■ Nor was the petition bad in substance because it appeared therein that the action of the inspector of buildings, in attempting to revoke the permit of April 10, had not been appealed to the board of zoning appeals in accordance with ordinance 93-224, providing, in part, that "Any decision of the building inspector made in the enforcement of this article may be appealed to the board of zoning appeals by any person adversely affected by such decision." Even if such statement as to revocation, contained in a mere letter, amounted to a "decision" of the building inspector within the meaning of this provision, it was upon its face a void decision, and this being true, the plaintiffs were not required to

appeal to the board of zoning appeals, before seeking injunctive relief. As to this question, the present case differs on its facts from *Calhoun* v. *Gulf Oil Corporation*, 189 *Ga.* 414 (5 S. E. 2d, 902); *Washington Seminary* v. *Bass*, 192 *Ga.* 808 (16 S. E. 2d, 565); *Ballard* v. *Carrollton*, 194 *Ga.* 489 (22 S. E. 2d, 81), in each of which the complaining party or parties had submitted the issue in controversy to an inferior judicatory whose judgment or decision was subject to review by certiorari, and it was held in effect that such remedy was exclusive. The plaintiffs here did not get into that situation with respect to the attempted revocation of which complaint is made, that is, the letter of July 19, 1944. On the necessity of following available administrative remedies before seeking judicial relief, see generally *City Council of Augusta* v. *Loftis*, 156 *Ga.* 77 (118 S. E. 666); *Loftis Plumbing Co.* v. *Quarles*, 188 *Ga.* 404 (3 S. E. 2d, 725); *Evans* v. *Louisville & Nashville R. Co.*, 191 *Ga.* 395 (12 S. E. 2d, 611); 42 Am. Jur. 590, § 202; Smithmeyer *v.* U. S., 147 U. S. 342 (13 Sup. Ct. 321, 37 L. ed. 196); Moore *v.* Ill. Cen. R. Co., 312 U. S. 630 (61 Sup. Ct. 754, 85 L. ed. 1089); Oklahoma Public Welfare Commission *v.* Oklahoma ex rel. Thompson, 187 Okla. 654 (105 Pac. 2d, 547, 130 A. L. R. 873).

While it appears that the former pastor, T. R. Reid, did appeal to the board of zoning appeals after the refusal of a permit as originally applied for, the permit of April 10, 1944, was issued afterwards, following a reversal of his conviction, and the present controversy was never brought before the board of zoning appeals for determination.

■ Whether or not the church, as an unincorporated association, was such an entity as had the capacity to sue—and considering the petition as if it had been brought solely by Joseph Reese, a member of the church and chairman of the board of deacons—he, as a member of the church, had such an interest in the subject-matter as entitled him to complain in equity. Code, § 37-1002; *Mutual Life Ins. Co.* v. *Inman Park Presbyterian Church*, 111 *Ga.* 677 (36 S. E. 880); *Grand Chapter Order Eastern Star* v. *Wolfe*, 172 *Ga.* 346 (157 S. E. 301); *O'Jay Bed Spread Co.* v. *Hicks*, 185 *Ga.* 507 (195 S. E. 564); *Walker* v. *Grand International Brotherhood of Locomotive Engineers*, 186 *Ga.* 811 (199 S. E. 146); *Howard* v. *Betts*, 190 *Ga.* 530 (9 S. E. 2d, 742);

*Evans* v. *L. & N. R. Co.,* 191 *Ga.* 395, 404 (12 S. E. 2d, 611). The petition assailed the zoning ordinances as being in violation of various provisions of the State and Federal Constitutions. In the view we take of the case, it is unnecessary to deal with any of these questions; for whether the ordinances be valid or invalid as applied to this church, the allegations were sufficient to state a cause of action for equitable relief, and it was error to sustain the general demurrer and dismiss the petition.

*Judgment reversed. All the Justices concur.*