### 31927. FRESE v. LINK.

DECIDED FEBRUARY 18, 1948. REHEARING DENIED MARCH 29, 1948.

*George G. Finch,* for plaintiff in error.

*George W. Willingham,* contra.

TOWNSEND, J. (After stating the foregoing facts.) On the principle that a void judgment is not reviewable by certiorari, this court is bound by the decisions of the Supreme Court cited in the 3rd headnote, as well as *McDonald* v. *Farmers Supply Co.,* 143 *Ga.* 552 (85 S. E. 861); *Griggs* v. *Macon,* 154 *Ga.* 519 (114 S. E. 899); *Bass* v. *Milledgeville,* 122 *Ga.* 177 (50 S. E. 59); *Allied Mortgage Companies Inc.* v. *Gilbert,* 189 *Ga.* 756 (8 S. E. 2d, 45); *City of Cedartown* v. *Pickett,* 193 *Ga.* 840 (20 S. E. 2d, 263). The writer, speaking for himself alone, feels that this holding is unsound, and works a hardship on one against whom such a judgment is rendered. It seems to the writer that a void judgment is the worst of all judgments, and that the one against whom it is rendered should be permitted to attack it affirmatively by direct writ of error, which he may now do (*McDonald* v. *Farmers Supply Co.,* supra), or by certiorari, or wait until some action is taken upon it, and then defend against it. Judge Lumpkin ex-

pressed his disapproval of the ruling in *McDonald* v. *Farmers Supply Co.,* supra. In *Griggs* v. *Macon,* supra, the ruling was obiter, because the court stated that the judgment attacked was not judicial. The court in *City .of· Cedartown* v. *Pickett,* supra, slightly intimated its doubt as to the all-inclusiveness of the holding. There are numerous faults to be found with the rule. The worst is the assumption that any given judgment is or will be held to be void. If a party missed his guess that a judgment was void, and it was merely erroneous, unless he sought a review he would be bound under the doctrine of res judicata. Of course, if certiorari is applied for and denied because of the effort to review a void judgment, the complaining party gets his question adjudicated if the judgment can be held to be void without the proof of extraneous facts, but what of the cases where no review is sought or extraneous facts must be called on to show that the judgment is void? Here the petition alleges facts which, if true, show the judgment to be void. These facts are admitted by the answer of the justice of the peace. In such a situation it seems that the plaintiff in error will get the relief sought, which in this case, is a decision that the judgment is void.

The judgment of the superior court dismissing the certiorari is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*