19210. COFFEY *et al. v.* CITY OF MARIETTA *et al.*

CANDLER, Justice. 1. Where a court of equity does not have jurisdiction, it will not assume jurisdiction for the purpose of inquiring into the validity of a municipal ordinance. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (39 S. E. 2d 882).

2. In principle, this case is controlled, adversely to the contentions of the plaintiff, by the rulings in *Calhoun* v. *Gulf Oil Corp.,* 189 *Ga.* 414 (5 S. E. 2d 902); *Washington Seminary* v. *Bass,* 192 *Ga.* 808 (16 S. E. 2d 565); *City of Cedartown* v. *Pickett,* 193 *Ga.* 840, 843 (20 S. E. 2d 263); *Lively* v. *Grinstead,* 210 *Ga.* 361 (80 S. E. 2d 316); *Ledbetter* v. *Calloway,* 211 *Ga.* 607 (87 S. E. 2d 317); and *Spruill* v. *Dominy,* 212 *Ga.* 145 (91 S. E. 2d 43). No attack is here made on the validity of the 1946 act for "Zoning and Planning in Municipalities," which the governing authority for the City of Marietta declared to be effective in that municipality. And as ruled by this court in *Ledbetter* v. *Calloway,* supra, this act affords the plaintiff an adequate and complete statutory remedy by successive appeals from the administrative order of the city's chief inspector; and it is well settled that equity grants no relief to one who has an adequate and complete remedy at law. Code §§ 37-102, 55-101; *Rice* v. *Mayor &c. of Macon,* 117 *Ga.* 401 (43 S. E. 773); *Scarbrough* v. *Cook,* 208 *Ga.* 697 (1) (69 S. E. 2d 201). As shown by our statement of the case, the plaintiff submitted his cause to the city's chief inspector; and being dissatisfied with his administrative order of May 19, 1955, he should have pursued the right of appeal supplied him by the 1946 zoning and planning act which was then effective in the City of Marietta.

3. From what has been said in the preceding divisions, it necessarily follows that the trial judge did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1956—DECIDED FEBRUARY 14, 1956.

*W. H. Burke, Conley Ingram, Hayden C. Covington,* for plaintiff in error.

*Scott S. Edwards, Jr.,* contra.