19717. ATTAWAY *v.* COLEMAN *et al.*

ARGUED MAY 15, 1957—DECIDED JUNE 11, 1957.

*Neville & Neville, Cohen Anderson,* for plaintiff in error.

*Fred T. Lanier, Robert S. Lanier,* contra.

HEAD, Justice. The petitioners insist that they have alleged facts and circumstances to show that only a court of equity can grant full and adequate relief. The rule is well established that where special facts are alleged showing that the remedy at law is inadequate, resort may be had to a court of equity. *Broomhead* v. *Grant,* 83 *Ga.* 451 (10 S. E. 116); *Town of Rentz* v. *Roach,* 154 *Ga.* 491 (115 S. E. 94); *Poultryland, Inc.* v. *Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785); *Thompson* v. *Hutchins,* 207 *Ga.* 226 (60 S. E. 2d 455).

Whether or not the petitioners might have proceeded in a court of equity in the first instance is not now before this court for determination. They elected to avail themselves of the remedy provided by law. Code § 72-401. A decision by the governing

body of a municipality as to whether alleged acts constitute a nuisance, made after trial in which the parties at interest have participated, is a judicial determination, from which certiorari will lie. Even though equity may afford the injured persons a more adequate and complete remedy than a proceeding at law, yet where such persons have elected to procure a decision by the governing body of a municipality, they can not, during the pendency of the legal proceeding, resort to a court of equity, but must review any ruling adverse to their contentions by writ of certiorari. *Mayor &c. of Montezuma* v. *Minor*, 70 *Ga.* 191; *Jackson* v. *Calhoun*, 156 *Ga.* 756, 760 (120 S. E. 114); *Calhoun* v. *Gulf Oil Corporation*, 189 *Ga.* 414, 418 (5 S. E. 2d 902); *Washington Seminary* v. *Bass*, 192 *Ga.* 808, 815 (16 S. E. 2d 565); *City of Cedartown* v. *Pickett*, 193 *Ga.* 840 (20 S. E. 2d 263); *Coffey* v. *City of Marietta*, 212 *Ga.* 189 (91 S. E. 2d 482).

Certiorari was a proper remedy to review the declaration by the municipal authorities that the nuisance described in their former order "has been abated." In so far as the petitioners may seek to rely on their allegation that the second order was entered without notice to them, they fail to show injury, since the order complained of provides that, "jurisdiction of said matter is retained if it should appear by future complaints of the parties affected that the nuisance has been renewed." Clearly the petitioners have not been denied any right to complain to the municipal authorities, and they show no right to abandon their legal proceeding, to seek relief in a court of equity.

*Judgment reversed. All the Justices concur.*