21328.   CITY OF ATLANTA *et al.* v. LOPERT
PICTURES CORPORATION.

ARGUED SEPTEMBER 13, 1961—DECIDED NOVEMBER 9, 1961—
REHEARING DENIED NOVEMBER 21, 1961.

*J. C. Savage, Edwin L. Sterne, Robert F. Lyle,* for plaintiffs in error.

*Heyman, Abram & Young, Maurice N. Maloof,* contra.

QUILLIAN, Justice. ■ The first matter for consideration is the sufficiency of the petition to show cause for the grant of an injunction against the defendants to prevent them from interfering with the exhibition of the motion picture film "Never on Sunday" in theaters located within the City of Atlanta, or a declaratory judgment that the defendants' action in denying the plaintiff a permit to show the film publicly within the city was illegal.

It affirmatively appears from the averments of the petition that, under the charter provisions of the City of Atlanta, the Mayor and Board of Aldermen created the Board of Censors and by appropriate ordinance empowered the Board to pass upon appeals taken from the decisions of the Motion Picture Censor of the City of Atlanta in denying permits to show motion-picture films adjudged by the Censor to be obscene, and gave to the Board of Censors power to conduct hearings of such appeals, subpoena and swear witnesses, to require the production of documents and to proceed in such a manner with its investigations as might be appropriate to the determination of any questions of fact.

In short, according to the pronouncements of *City of Cedartown v. Pickett,* 193 Ga. 840 (20 SE2d 263), and *Anderson v. McMurry,* 217 Ga. 145 (121 SE2d 22), and other cases decided by this court, the Mayor and Aldermen vested in the Board of Censors, in accord with the city charter, the authority to exercise quasi-judicial functions and constituted the Board an inferior judicatory within the meaning of *Code* § 19-101. From the

petition it appears that the plaintiff voluntarily appealed to the Board of Censors in conformity with a city ordinance prescribing the manner and time of such appeals, and invoked the Board's determination of whether the film "Never on Sunday" was, in fact, obscene, as it had been held by the Censor. So far as the petition discloses, no other question was submitted for the Board of Censors' consideration.

It is related in the petition that the Board acted upon this precise question, and rendered a decision affirming the finding of the Censor that the film was obscene and should not be publicly exhibited. To this determination, no exception was taken by writ of certiorari or otherwise.

Under the facts set out in the petition, the uniform holding of this court that the plaintiff's remedy to obtain review of the Board of Censors' decision was by application to the superior court by writ of certiorari is applicable. *Calhoun v. Gulf Oil Corp.*, 189 Ga. 414, 418 (5 SE2d 902); *Ballard v. Mayor &c. of Carrollton*, 194 Ga. 489 (1) (22 SE2d 81); *Attaway v. Coleman*, 213 Ga. 329 (99 SE2d 154). In the *Attaway* case, prepared for this court by Presiding Justice Head, it is held: "Even though equity may afford the injured persons a more adequate and complete remedy than a proceeding at law, yet where such persons have elected to procure a decision by the governing body of a municipality, they can not, during the pendency of the legal proceeding, resort to a court of equity, but must review any ruling adverse to their contentions by writ of certiorari. *Mayor &c. of Montezuma v. Minor*, 70 Ga. 191; *Jackson v. Calhoun*, 156 Ga. 756, 760 (120 SE 114); *Calhoun v. Gulf Oil Corp.*, 189 Ga. 414, 418 (5 SE2d 902); *Washington Seminary v. Bass*, 192 Ga. 808, 815 (16 SE2d 565); *City of Cedartown v. Pickett*, 193 Ga. 840 (20 SE2d 263); *Coffey v. City of Marietta*, 212 Ga. 189 (91 SE2d 482)."

Under the cases cited, a petition for an injunction could not be substituted as a mode of appeal; accordingly, the petition must be held not to have alleged a cause for injunctive relief.

(a) The petition alleges that the Board gave as the reason for their opinion that the film would be harmful to the average child, and the reason assigned for the Board's decision was

438

wrong. This was still a matter to be reviewed by writ of certiorari. . .

■ A petition for declaratory judgment is an available remedy where there exists a justiciable issue, involving uncertainty and danger of loss or detriment to the applicant in the event he chooses the wrong one of two or more legally uncharted courses that appear to be open to him. The remedy is not to be employed to test the validity of determinations having the force of solemn judgments to which no exceptions have been taken. *Code Ann.* § 110-1111 (Ga. L. 1945, pp. 137, 139).

■ The general demurrers to the amended petition having been erroneously overruled, all subsequent proceedings, including the grant of the temporary injunction, were nugatory.

*Judgment reversed. All the Justices concur.*