26406. WILSON et al. v. LATHAM.
26407. WILSON et al. v. PATTILLO.

SUBMITTED MARCH 9, 1971—DECIDED APRIL 8, 1971—
REHEARING DENIED MAY 6, 1971.

532

*Henry L. Bowden, Robert S. Wiggins,* for appellants.

Robert D. Pattillo, *pro se, Essley B. Burdine,* for appellees.

FELTON, Justice. Whatever may be said as to the nature and kind of action of C. M. Smith, City of Atlanta Assistant Building

Official, the judgments upon the trials of the appeals of the appellees of the actions of such building official, in discharging appellants were judicial or quasi-judicial in nature; and appeals from such decisions can only be had by writ of certiorari under *Code* § 19-101, where no additional right of appeal is provided by law. *Thompson v. Dunn,* 102 Ga. App. 164 (115 SE2d 754); *Anderson v. McMurry,* 217 Ga. 145 (121 SE2d 22). Further, this court has consistently held that a petitioner cannot go into a court of equity to secure a review of a decision of a municipal body exercising a judicial or quasi-judicial function. *City of Cedartown v. Pickett,* 193 Ga. 840 (20 SE2d 263); *Ballard v. Mayor &c. of Carrollton,* 194 Ga. 489 (22 SE2d 81); and especially *City of Atlanta v. Lopert Pictures Corp.,* 217 Ga. 432 (122 SE2d 916), and discussion of this court beginning on page 437 of that case. In the *Ballard* case, supra, headnote 1, it was stated: "The writ of certiorari ordinarily furnishes a full and adequate remedy at law for the correction of errors in decisions by municipal corporations, courts, or councils, rendered in the exercise of judicial powers; so that even though a property right may be primarily involved in such manner as would authorize the injured party to resort to equity, he is not entitled to claim such relief, *where he has already appeared before the municipal judicatory, and that body has rendered an adverse decision.* His remedy under such circumstances was to have corrected by certiorari any error in the decision. *City of Cedartown v. Pickett,* 193 Ga. 840, 842." (Emphasis supplied.) Since the complaints of appellees were brought against the city employees in their official capacities and in their individual capacities, the rule as to certiorari being the only review available in these cases must govern because there is no way to divide the cases into divisions and have one kind of review for official conduct and another for individual conduct reviewed in a judicial or quasi-judicial capacity. The court erred in refusing to dismiss all of the complaints of appellees on the motions of the appellants, which failures to dismiss on such motions are the subject matter of this appeal. On the question of the personal liability of public officials in the discharge of official duties, see *Price v. Owen,* 67 Ga. App. 58, 60 (19 SE2d 529).

*Judgments reversed. All the Justices concur.*