## 55276. YIELD, INC. v. CITY OF ATLANTA.

McMURRAY, Judge.

This case involves the maintenance of a nuisance which action was brought in Municipal Court of the City of Atlanta. In *Yield, Inc. v. City of Atlanta,* 239 Ga. 578 (238 SE2d 351), the Supreme Court has held that where a party elects to proceed under Code § 72-401, it is an action at law, citing *Attaway v. Coleman,* 213 Ga. 329 (99 SE2d 154), and when the evidentiary standard contained in Code Ann. § 72-301 (as amended by Ga. L. 1975, pp. 402, 403), is used, this does not convert the proceeding into an equitable one. See also *Yield, Inc. v. City of Atlanta,* 144 Ga. App. 637 (2). Accordingly, the enumeration of error raising the constitutional and equitable issues and contending that equitable relief has not been conferred upon "the City Courts" (municipal) of this state is not meritorious.

The application for the writ of certiorari to the lower court was made in this instance by the City of Atlanta after it had obtained an unfavorable ruling before the local magistrate in attempting to abate a nuisance in seeking the closing of certain establishments in the city. No bond was obtained in accordance with Code § 19-206 by the City of Atlanta and no certificate was produced from the magistrate whose decision of judgment was the subject matter of the complaint in obtaining the writ of certiorari. The only other enumeration of error here by the appellant in the lower court, is that the failure to file the certiorari bond invalidated the writ of error granted by the lower court and "in effect voided the Final Order" of that court. We do not find this point raised in the lower court in its consideration of the merits although it was thereafter pointed out to the court in an application for supersedeas that no valid certiorari bond had been filed. However, the appellee has moved to dismiss the appeal inasmuch as this issue was raised for the first time in this court. A question not raised and passed upon in the trial

court presents nothing to review. The Court of Appeals has no jurisdiction to pass upon issues not raised or passed upon in the lower court. Such a question must be raised at the first opportunity. The application for supersedeas is not here for review. See in this connection *Bonner v. Smith,* 226 Ga. 250 (2) (174 SE2d 438); *Kitchens v. State,* 228 Ga. 624 (1) (187 SE2d 268) and cits. Accordingly, we cannot consider this enumeration. However, the appeal is not dismissed but the judgment of the superior court is affirmed.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED MARCH 7, 1978.

*Nadler, Gold & Beskin, Howard A. Gold,* for appellant.

*Mary Welcome, Solicitor, Paul Howard, Deputy Solicitor,* for appellee.