57169. WOOTEN et al. v. CITY OF ATLANTA et al.

SHULMAN, Judge.
Appellants, upon their termination from the Atlanta Bureau of Police Services (hereinafter "Bureau"), brought a proceeding for declaratory and injunctive relief against

appellees—City of Atlanta, Maynard H. Jackson, and A. Reginald Eaves. After distributing handbills critical of the city's administration, appellants were brought before the Bureau's Disciplinary Hearing Panel (hereinafter "Panel"), on a charge of violating Rule 508 of the Bureau, which rule requires members of the Police Department to "speak the truth." Appellants' complaint alleged that Rule 508 is unconstitutionally void for vagueness and in violation of appellants' right of freedom of speech. In addition, appellants' complaint alleged that the panel did not constitute a neutral and detached hearing body and that, as such, the hearing held by the panel was in violation of due process of law guaranteed by the United States and Georgia Constitutions.

At or around the time suit for declaratory judgment was filed, appellants appealed the panel's determination to the City Personnel Board, established by ordinance to hear appeals from personnel actions of the Bureau. The Personnel Board upheld the panel's determination prior to the dismissal of appellants' suit for declaratory judgment in superior court. This appeal follows the dismissal of appellants' action for declaratory judgment.

The issue in contention is whether or not it is procedurally permissible for appellants to seek a declaratory judgment challenging the constitutionality of their dismissal from the Bureau and at the same time appeal the panel's determination to the City Personnel Board. We hold that appellants, having made their choice to appeal to the Personnel Board, must question the propriety of their discharge by writ of certiorari to the superior court. A complaint for declaratory judgment is not an available remedy.

Plaintiff in *City of Atlanta v. Lopert Pictures Corp.*, 217 Ga. 432 (122 SE2d 916) was denied a permit to show a film by the Motion Picture Censor. Thereafter, plaintiff voluntarily appealed the decision of the Atlanta censor to the Board of Censors. The court held that plaintiff, choosing to procure a decision from the Atlanta Board of Censors, and also choosing not to have that decision reviewed by certiorari, could not by way of an action for declaratory judgment raise constitutional questions and thereby test the determination of the Board of Censors.

Rather, the court held, plaintiff must correct any error in the Board of Censors' determination by writ of certiorari to the superior court.

Similarly, in *Calhoun v. Gulf Oil Corp.*, 189 Ga. 414 (5 SE2d 902), the complaining party first sought relief in the superior court, and then postponed a hearing in that court until complaint could be made to the governing body of the municipality. After a hearing by the municipal authorities, a decision was rendered against the complainant, from which no certiorari was taken. Upon the introduction of both the complaint filed with the city authorities and the subsequent order of that body, the superior court dismissed the action. The court said: "Having invoked a decision by the city authorities under the statutory procedure [complainant's], remedy after an adverse decision would have been by certiorari . . . and not by a resumption of the equitable proceeding. . ." Id., p. 418.

Thus, in the instant case, appellants, once having invoked their right of appeal to the City Personnel Board, could not thereafter properly seek a declaratory judgment. The question is not before us, and we do not now decide, whether a declaratory judgment would have been proper had appellant not appealed the Panel's determination to the City Personnel Board. Since appellants have had their day in court, their remedy was to have corrected by certiorari any alleged error in their termination proceedings. Cf. *Wilson v. Latham,* 227 Ga. 530 (181 SE2d 830); *Cochran v. City of Rockmart,* 242 Ga. 732 (251 SE2d 259).

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

Submitted January 10, 1979 — Decided April 4, 1979.

*Garland, Nuckolls, Kadish, Cook & Weisensee, John A. Nuckolls,* for appellants.

*Ferrin Y. Mathews, W. Roy Mays, III,* for appellees.