Ruff *et al. vs.* Phillips *et al.*

---

MARTIN L. RUFF *et al.* plaintiffs in error, *vs.* M. M. PHILLIPS *et al.* defendants in error.

1. A private nuisance may be abated in this State, under the provisions of section 4023, etc., of the Revised Code, provided the application is made by the party injured.
2. The petition for a *certiorari* is an *ex parte* proceeding, and if the petition shows a proper case for the writ it ought to be granted. It is error in the Judge to hear contradictory or supplementary statements from the defendant.
3. To make a business a nuisance it must be such to people of ordinary nature or condition; it is not sufficient if it be simply offensive to delicate and sensitive organizations.
4. An order abating a nuisance ought not to exceed the necessity of the case, and if it do this it should be set aside.

Nuisance.     *Certiorari.*     Before Judge KNIGHT.     Cobb county.     At Chambers.     February 14th, 1873.

Martin L. Ruff, John R. Winters and Milledge G. Whitlock, presented their petition for *certiorari* to the Honorable N. B. Knight, Judge of the Blue Ridge Circuit, making the following case:

On February 7th, 1873, there came on to be heard before the President and Commissioners of the town of Acworth a certain cause in which M. M. Phillips, Thomas D. Perkerson and John Q. Tanner were plaintiffs, and petitioners, defendants, in which the former charged that a warehouse in the town of Acworth, used by petitioners as a place of storage for commercial fertilizers, was a nuisance to them. Petitioners moved to dismiss said case upon the following grounds, to-wit:

Ruff *et al. vs.* Phillips *et al.*

1st. Because the nuisance complained of, if any, was a private and not a public nuisance.

2d. Because there is no ordinance of the town of Acworth making said depot a nuisance, or declaring how the same may be abated or removed.

The motion was overruled and petitioners excepted upon each of the grounds aforesaid.

The evidence showed that said warehouse was near the right of way of the Western and Atlantic Railroad Company, and about one hundred and fifty yards east of the depot in the town of Acworth; that on one side of said warehouse there was a double railroad track and a wide street, and on the other side a wide street, separating it from any other house; that one Joel Chapman resided nearer to said warehouse than any other person; that his wife, on one occasion, since fertilizers had been stored in said warehouse, was troubled with nausea, and had lost one meal therefrom; that no physician was called in; that his wife had suffered from nausea before said fertilizers had been thus stored, but that, in his opinion, in this instance, the nausea was caused by the odor arising from the fertilizers; that John Q. Tanner and his wife and child were nauseated by the odor from said fertilizers; that he had been thus affected before said fertilizers were stowed in said warehouse; that no physician was called in; that petitioners proved that neither before nor during the trial was there stored in said warehouse anything but five car loads of what is known as "John Merriman's Ammoniated Bone Dust;" that there was nothing in said fertilizer calculated to produce disease, but, on the contrary, the ammonia contained therein rendered the odor arising therefrom healthy.

The President and Commissioners aforesaid adjudged said warehouse and its contents to be a nuisance, and ordered that the same be abated within ten days, or that a fine of ten dollars would be assessed against petitioners, and said warehouse and its contents would be moved at their expense.

Pending the consideration of the application for the writ

of *certiorari* the Judge was furnished by the plaintiffs in the original case with a copy of the evidence adduced before the President and Commissioners of the town of Acworth.

On February 14th, 1873, the Judge refused to sanction the petition as follows : "After a careful examination of the petition and evidence in this case, the writ of *certiorari* is refused."

To which judgment petitioners excepted on the following grounds, to-wit:

1st. Because the Judge erred in refusing to sanction the petition.

2d. Because the Judge erred in considering the evidence alleged to have been adduced before the President and Commissioners of the town of Acworth.

GARTRELL & DUNWOODY; LESTER & THOMSON, for plaintiffs in error.

C. D. PHILLIPS, by brief, for defendants.

McCAY, Judge.

1. Section 4027 of the Revised Code, provides that " A public nuisance may be abated on the application of any citizen of the district, and a private nuisance on the application of the party injured." Coming, as this does, immediately, next after the sections pointing out the mode of abating public nuisances, it is impossible to say that a private nuisance cannot be *abated*. Abated is a technicle term. Neither an action for damages nor an injunction can *abate* a nuisance. An injunction may prevent, and a verdict for damages may punish, but neither of them will abate a nuisance. We are clear, therefore, that under the Code, a private nuisance may be abated by the same tribunal, and under the same provisions as are provided in sections 4023, 4024, etc., of the Code.

2. We think the Judge was bound to judge of the sufficiency of the petition from the facts stated in it. The pro-

Ruff *et al. vs.* Phillips *et al.*

tection given by law to the other side is the affidavit and bond of the petitioner. If the petition, properly verified, makes such a case as requires the writ, it ought to issue. The only mode of contradicting the petition provided · by law, is the *official return* of the inferior tribunal, made as the law requires. It was, therefore, error in the Judge to hear and consider what came to his office out of the hands of the other party, and not as an official return to the *certiorari*. The plaintiff in *certiorari* has, under section 3994 of the Code, a right to traverse even the return, and ·it is entirely irregular to permit his statement in the petition to be controverted or supplemented by his opponent on his application for the writ.

3. We think this petition makes out a *prima facie* case. The proceeding the defendant is called upon to answer ought to notify him what is complained of. A nuisance is a very broad term. The proceeding to abate is a very harsh remedy, and everything should appear on the face of the proceedings to justify it. Fair notice of the nature of the complaint ought to be given. The defendant may, perhaps, if it be pointed out *in what manner* he is hurting the complainants, take efficient means to stop the evil. We do not think the ordinary use of a guano depot is a very serious matter. Every day's experience shows that every variety of these manures are carried upon railroads, stored in houses, sold in market, handled by employees, hauled through the streets and put out upon land without serious annoyance to anybody. We suspect the stomach which sickens at the smell of an article now in such common use, which, in its worst form—Peruvian guano—is carried by the ship-load thousands of miles, is not a stomach of an ordinary kind. It is too nice, perhaps, from some disease, for ordinary life. It is not against exceptionable organizations that the nuisance arises. To make a thing a nuisance it ought to be of such a character as would hurt or annoy in the legal sense of those words—ordinary people—not nice, susceptible, sickly people.

4. We think, too, that the judgment of the Court directing the removal of the house and affixing a fine was beyond

the necessity of the case.    Why should the house be removed? Cannot the nuisance be removed by removing the storage? Nor had the Court, in the capacity in which it sat, power to fine.    We think this *certiorari* ought to have been granted.

Judgment reversed.