BROOMHEAD *v.* GRANT *et al.*

To abate a nuisance, public or private, the remedy provided in the code, §§4094-9, should be resorted to, unless the special facts make that remedy inadequate.

(*a*) The superior court has no more power or jurisdiction by the

combination of courts of law and equity, than those two courts had before the uniform procedure act of 1887.

October 11, 1889.

Nuisance. Jurisdiction. Equity. Courts. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1889.

Mrs. Broomhead prayed for an injunction against the maintenance, by tenants of property adjoining her own, of an alleged nuisance, consisting of a stand and shed with its floor on a level with the main floor of her tenement house and not exceeding twenty feet from it, used for the purpose of washing horses and buggies, etc., making the premises exceedingly filthy, the water after being used being turned into the opening of a sewer and causing the constant escape of unhealthy and offensive gas, and leaving a bad sediment on the ground adjacent; also the closing of the sewer in such manner as to prevent surface-water in rains from running into it, thereby making such water back and stand on plaintiff's premises; also the noise and profanity of hostlers employed by defendants while at work about this shed. She alleged insolvency of defendants; notice to them to abate the nuisance, and their refusal to do so; and the loss of rental value of her premises on this account. The defendants made answer, denying the material allegations.

The case was heard on these pleadings and on affidavits. The injunction was denied, and the plaintiff excepted.

MALCOLM JOHNSTON, for plaintiff.

JOHN M. SLATON, for defendants.

SIMMONS, Justice.

There was no error in the refusal of the injunction in this case, according to the facts disclosed in this record. The remedy for the abatement of a nuisance, either public or private, is provided in the code, §§4094-98. The fact that courts of equity and of law have been com-

bin'ed in the superior court, does not give the latter court any more power or jurisdiction than the two courts had before the uniform procedure act of 1887. If the court of equity would not have had jurisdiction of this case, under the facts as disclosed by this record, before the passage of this act, that act does not give it jurisdiction now. This court in several cases, notably in *Ruff* v. *Phillips*, 50 *Ga.* 130, has decided that the remedy for the abatment of a nuisance is provided in the section above mentioned. Parties who wish to abate a nuisance, either public or private, must resort to the remedy thus provided, unless special facts are alleged, showing that that remedy is not sufficient or is inadequate. No such facts are alleged in this petition. *Judgment affirmed.*