## SPENCER et al. v. TUMLIN et al.

1. Persons, who desire to abate a nuisance a city, either public or private, should resort to the remedy provided in the Civil Code (1910), § 5331, unless special facts are alleged showing that such remedy is inadequate; but where the nuisance is a continuing one, and other relief than the mere abatement is sought, a proper case for equitable action is made.

2. Where the main purpose of the injunction is not to require affirmative action, but to restrain diversion of water from the natural channel in which it formerly flowed, which diversion caused it to overflow and pond upon the property of another, the injunction is not a mandatory one, although compliance with it may require some affirmative action on the part of the party enjoined.

3. The judge did not abuse his discretion in granting an injunction in this case.

No. 3344.    MARCH 15, 1923.

Injunction. Before Judge Wright. Floyd superior court. July 11, 1922.

*M. B. Eubanks,* for plaintiffs in error. *James Maddox,* contra.

HINES, J. The Tumlins filed their petition for injunction against Spencer and Minhinnette, and made this case: They are the owners of property in Cave Spring, "known as the concrete warehouse and lot." Before the nuisance complained of, this property was worth the sum of $3000, and its present value, in consequence of the nuisance hereinafter set forth, is only $1500. Spencer and Minhinnette owned land in Cave Spring on the south side of Rivers Street and immediately across the street from the above property of plaintiffs. The natural flow of the water in said vicinity is across said property of plaintiffs and across Rivers Street on to the property of defendants through which it drains, and the water from said street always drained through the property of defendants. Five or six weeks ago the defendants erected around their property and on the line fronting on Rivers Street a concrete wall which stops the free passage of water through their lands, and causes the same to collect in ponds on Rivers Street and on the above property of plaintiffs. On account of said wall, the water, during recent rains, has stood three feet deep in said street and on the property of plaintiffs, something it did not do before said dam was built. The property of plaintiffs is used for a warehouse and stable, and it has been rendered practically worthless for said purposes, as both are liable to overflow, and the street and surroundings remain wet and muddy, causing the

barn and lot to remain wet and making it very difficult to reach said warehouse. The ponding of water on said street and on property of plaintiffs is extremely unhealthy, and is liable to cause sickness and the deterioration of the value of said property. The building of said wall, changing the natural flow of the water and causing it to pond on said street and on said property of plaintiffs, is a nuisance which will continue until said dam is removed. Plaintiffs have no adequate remedy at law. They pray for judgment against the defendants for $1500; and to enjoin them from backing and ponding water on their property, and from maintaining said nuisance.

In their answer the defendants denied that they created the nuisance complained of. They alleged that it was caused by the action of the City of Cave Spring in raising the level of Mill Street, and in draining Alabama Street; and that they were amply solvent and able to answer any judgment which the plaintiffs might recover against them, if they were responsible in damages to plaintiffs for the creation and continuance of said nuisance.

On the hearing of the application for injunction, both parties introduced evidence tending to establish their contentions. The trial court enjoined the defendants from diverting or changing the natural flow of the water, or in any way causing the same to pond on the lands of the plaintiffs, until further order of the court; but in the judgment it was provided that an opening in the bottom of the wall erected by the defendants at its lowest point, 22 inches in diameter, would be a compliance with the judgment of the court. The defendants excepted to this judgment, upon the grounds, that (1) it is contrary to law; (2) it is contrary to the evidence and without evidence to support it; (3) the injunction is mandatory; and (4) the defendants being solvent, and the damages for which the plaintiffs sue being capable of exact ascertainment, their remedy by the recovery of damages is full and complete, and the grant of injunction was unauthorized.

1. It is urged that the chancellor erred in granting an injunction in this case, because the plaintiffs had an adequate remedy at law for the abatement of this nuisance. Cave Spring is now a city (Acts 1920, p. 818); and was such at the time the nuisance complained of was created. Provision is made by the code for abating public and private nuisances in cities. Civil Code (1910),

§ 5331. Persons who desire to abate a nuisance, either public or private, should resort to the remedy so provided by the code, unless special facts are alleged showing that such remedy is inadequate. *Broomhead* v. *Grant,* 83 *Ga.* 451, 543 (10 S. E. 116). Where the threatened or existing tort constitutes a continuing nuisance, a proper case for equitable action is made. *Russell* v. *Napier,* 80 *Ga.* 77 (4 S. E. 857); *Simmons* v. *Lindsay,* 144 *Ga.* 845 (88 S. E. 199); *Spires* v. *Wright,* 147 *Ga.* 633 (95 S. E. 232); *Dodson* v. *Evans,* 151 *Ga.* 435 (107 S. E. 59). The thing complained of by the plaintiffs is a continuing nuisance. Furthermore, they seek to recover damages from the defendants for the creation of this nuisance. Plaintiffs certainly can recover any damages which had accrued up to the time the injunction was granted. *Swanson* v. *Kirby,* 98 *Ga.* 586 (26 S. E. 71). Besides, plaintiffs allege that this nuisance will cause sickness. Under these special facts, we do not think the remedy provided under § 5331 furnishes an ample and complete remedy for the plaintiffs.

2. It is next urged that the injunction granted by the court is a mandatory one, which the judge, prior to the final trial, was not authorized to grant. The province of an injunction is to restrain; and it can not compel a party to perform an act. Civil Code (1910), § 5499. Where the main purpose of the injunction is not to require affirmative action, such as the opening of a hole in a wall, or the like, but to restrain diversion of the water from the natural channel in which it formerly flowed, and causing it to overflow and to collect on the property of another, the injunction is not a mandatory one. *Goodrich* v. *Georgia R. &c. Co.,* 115 *Ga.* 340 (41 S. E. 659); *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (88 S. E. 562); *Sweetman* v. *Owens,* 147 *Ga.* 436 (94 S. E. 542); *Georgia Southwestern &c. R. Co.* v. *Georgia-Alabama P. Co.,* 152 *Ga.* 172 (108 S. E. 521).

3. Under the conflicting evidence, we can not say that the trial judge abused his discretion in granting an injunction in this case.                *Judgment affirmed. All the Justices concur.*