## 19345. JONES *v.* CITY OF ATLANTA.

DECIDED AUGUST 24, 1929.

*McElreath & Scott,* for plaintiff in error.

*James L. Mayson, Courtland S. Winn, John P. Haunson, Jack C. Savage,* contra.

JENKINS, P. J. Section 5331 of the Civil Code (1910) provides that if a nuisance, such as is mentioned in section 5329, exists

in a city having a population of 20,000 or more, the police court of the city shall have jurisdiction to hear and determine the question as to the existence of such a nuisance, and if such be found to exist, to order its abatement. The Supreme Court has held (*Ruff* v. *Phillips,* 50 *Ga.* 130; *Hart* v. *Taylor,* 61 *Ga.* 156; *Holmes* v. *Jones,* 80 *Ga.* 659, 7 S. E. 168), that the authority thus conferred to abate public nuisances exists also as to private nuisances. Section 5332 of the Civil Code (1910) provides that reasonable notice of the time and place of the hearing shall be given to the parties interested. Section 2577 of the code of the City of Atlanta provides that no person shall place any trash, lumber, wood, glass, or other obstructions in any public street, alley, or way in the city, and that any person doing so, who shall fail or refuse to remove the same within six hours after notice, shall be subjected, on conviction, to a fine not exceeding $100 or imprisonment not exceeding thirty days, in the discretion of the recorder's court. Notice was given by the chief of police to the defendant in this proceeding under section 2577 of the city code to remove certain obstructions in a described private way, in default of which a case would be docketed against him for maintaining a nuisance under the Civil Code (1910), § 4457, defining nuisances. Upon the failure of the defendant to comply with the notice a trial was had on the summons given, and judgment entered by the recorder, adjudicating that a nuisance existed and ordering it abated. Exception is taken to the order of the superior court overruling the defendant's certiorari.

The procedure authorized by section 2577 of the city code of Atlanta is for the punishment of offenders committing the acts enumerated in that section. It does not contemplate a proceeding to abate a nuisance. The summons as actually given under section 2577 of the city code, stating that if the obstructions were not removed a case would be docketed against the defendant "under Georgia Code § 4457 for maintaining a nuisance," does not indicate a proceeding instituted for the purpose of having a nuisance abated. The only remedy under the summons actually given was for the recorder to punish the defendant for a violation of the section of the city code indicated, and, there having been no proceeding instituted as authorized by law for the abatement of a public or private

nuisance, the judgment of the recorder was unauthorized, and the certiorari should have been sustained.

*Judgment reversed. Stephens and Bell, JJ., concur.*