ROSSER *v.* STYRON.

No. 7557. September 26, 1930.

*James L. Key,* for plaintiff in error.

*George F. Fielding* and *A. M. Roan,* contra.

ATKINSON, J. On November 8, 1929, S. C. Styron instituted an action for injunction against Mrs. E. M. Rosser. The petition as amended alleged that in 1903 Bryan M. Grant executed to J. A. Terrell a deed by which he "dedicated to the public for its use as an alley" a described strip of land 10 feet wide, carved from the "north side of lot No. 2 in block 10 of the L. P. Grant estate," extending from Loomis Avenue southeast back to a 20-foot alley, and that "the same has ever since that time been in constant and uninterrupted use as such;" that petitioner owns said lot No. 2, and the defendant owns the south half of lot No. 3 in block 10 of the L. P. Grant estate; that the respective lots adjoin said alley which separates them; that petitioner has used said alley "for the purpose of egress and ingress" to the rear of his property for more than 7 years; that defendant "is now attempting . . . and has actually started the construction of a garage in and on the said alleyway, which if completed will destroy petitioner's right of egress and ingress, and further . . will divert the natural flow of water" causing it to flow "over and along . . petitioner's prop-

erty," thereby causing irreparable damage. The prayers were for injunction and general relief. The petition was sanctioned, and a restraining order granted. The defendant demurred to the petition on the grounds: (a) that it failed to allege a cause of action; (b) that a legal right of the plaintiff to use the alley as a private way is not alleged; (c) that plaintiff has an adequate remedy at law to remove an obstruction from a private way, and consequently has no standing in a court of equity; (d) that plaintiff. has an adequate remedy at law to abate the alleged nuisance; (e) that the allegation shows that the obstruction "has been built or partly built," and the court has no power to grant a mandatory injunction and require removal of the obstruction; (f) that there are no allegations of fact showing irreparable damage to the plaintiff. At an interlocutory hearing the judge overruled the demurrer. After hearing evidence the judge granted an order as follows: "It is ordered that the restraining order heretofore granted be and the same is hereby continued in force until further order. It is further ordered that the defendant, Mrs. E. M. Rosser, be and she is hereby enjoined from erecting any structure or placing any obstruction in and on the strip of land [describing the alley]. . . It appearing from the evidence . . that the tract of land above referred to was by deed from Bryan M. Grant to J. A. Terrell, dated March 16, 1903, recorded in deed book 173, page 208, in the clerk's office of Fulton superior court, dedicated to public use as an alley, the defendant is restrained from using said tract of land for any purpose other than as an alley, and shall not use the same so as to interfere with plaintiff's right to the use thereof. And it is further ordered that the defendant be and she is hereby allowed sixty days from the date of this order in which to remove any structure or obstruction she has placed in and on the tract of land above referred to, either before the filing of plaintiff's petition, or subsequently thereto. This order is superseded for 20 days." The defendant excepted.

■ The petition alleged a cause of action for injunctive relief, and was sufficient as against all of the grounds of demurrer. The allegations were sufficient to show dedication to the public and acceptance, and that the petitioner would be injuriously affected by closing of the alley. Civil Code, § 4171; 8 R. C. L. 900, § 25. The foregoing does not conflict with *Healey* v. *Atlanta,* 125 *Ga.* 736 (54 S. E. 749).

■ The evidence, though conflicting as to the use of the strip of land as an alley, was sufficient to authorize the grant of the injunction.

■ "While under the code an injunction which is purely mandatory in its nature can not be granted, the court may grant an order the essential nature of which is to restrain, although in yielding obedience to the restraint the defendant may incidentally be compelled to perform some act." *Goodrich* v. *Georgia Railroad &c. Co.,* 115 *Ga.* 340 (41 S. E. 659); *Mackenzie* v. *Minis,* 132 *Ga.* 323 (8) (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723); *Spencer* v. *Tumlin,* 155 *Ga.* 341 (2) (116 S. E. 600); *Phinizy* v. *Gardner,* 159 *Ga.* 136 (2) (125 S. E. 195); *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (140 S. E. 67). The order was not erroneous as a grant of mandatory injunction.

*Judgment affirmed. All the Justices concur.*