WILLIAMSON *et al. v.* SOUTER *et al.*

No. 7851. FEBRUARY 23, 1931.

*Jule Felton,* for plaintiffs in error.
*Hollis Fort* and *R. L. LeSueur,* contra.

ATKINSON, J. The solicitor-general of the Southwestern Circuit, on the relation of Souter and Wimbish, brought a petition in equity against Williamson, McNeil, and Ellaville Auto Company, to enjoin the use of two certain oil-tanks in Ellaville, Georgia, alleging that they constituted a public nuisance and interfered with the use of the street in which they were located; and praying that it be abated, and that defendants be enjoined from using them. The evidence showed that these oil-tanks had been erected for about ten years, and were located in a public street of Ellaville, fifteen feet from the edge of the sidewalk. In line with them were two or three trees. It was alleged by the plaintiffs that the use of the tanks in supplying automobiles caused further obstruction of the street. There was evidence to the effect that for thirty-three years the street upon which the tanks were located had been used for travel, traffic and business, and had been recognized as a public street, and the public had free use of the street excepting

that part occupied by the tanks; that the trees in the street did not interfere with the free use thereof; and that if the gasoline tanks were removed, free and unobstructed use of the street could be had by the public. A deed by Robert Burden, dated May 22, 1858, to the justices of the inferior court of Schley County, conveyed 150 acres of land on which the City of Ellaville was built. By act of the General Assembly in 1859 the Town of Ellaville was incorporated, and by act of September 17, 1883, the Town of Ellaville was given full authority and jurisdiction over the streets and sidewalks thereof, including the right to regulate their width and to keep them free from obstructions. In 1908 the name of the Town of Ellaville was changed to the City of Ellaville; and in 1914 the charter was amended by giving to it full and complete authority and control over the streets and sidewalks therein located. Plaintiffs alleged that relief could not be had through appeal to the city council of Ellaville, for the reason that a majority of the council were disqualified to act, by reason of interest and relationship to the defendants. It was held in *Hill* v. *McBurney Oil & Fertilizer Co.,* 112 *Ga.* 788 (38 S. E. 42, 52 L. R. A. 398): "Where it appears that a majority of a town council are disqualified, by reason of removal from town, interest in the case, or relationship to the parties, to abate an alleged nuisance under section 4762 of the Civil Code, equity will take jurisdiction."

The contention of the defendants is that the trees in line with the tanks prevented them from being a nuisance, and prevented the use of the street by the public at the place where the tanks were located; and further, that the tanks had been in their present location for such a length of time as to give prescriptive rights against the city, and the situation was such as to prevent that part of the street of Ellaville in which the tanks were located from being a part of the public street. The mere presence in the street of a city of one or more trees may not interfere with the character of the street as an avenue for public use, and the location of a gasoline tank next to the tree may yet be a nuisance. This action was brought under the Civil Code, § 5330: "Private citizens can not generally interfere to have a public nuisance enjoined, but the petition must proceed for the public on information filed by the solicitor-general of the circuit." That an obstruction in the street is a public nuisance has been established by numerous decisions.

*Robins* v. *McGehee,* 127 *Ga.* 431 (56 S. E. 461) ; *Sanders* v. *Atlanta,* 147 *Ga.* 819 (95 S. E. 695). Prescription could not avail the plaintiff in error, because it does not run against a municipal corporation with respect to land granted to it for the use of the public. *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366, 102 Am. St. R. 138) ; *Norrell* v. *Augusta Railway & Electric Co.,* 116 *Ga.* 313 (42 S. E. 466, 59 L. R. A. 101). In this case it appeared that the City of Ellaville accepted the dedication of the land on which the street was located. *Wade* v. *Cornelia,* 136 *Ga.* 89 (70 S. E. 880).

Under the evidence presented, none of the exceptions requires a reversal. *Judgment affirmed. All the Justices concur.*