1. Even though a given condition may constitute a public nuisance, a citizen suffering special damage has a cause of action against the person creating or maintaining the same. Savannah, Florida Western Ry. Co. v. Parish, 117 Ga. 893
(45 S.E. 280); Thrasher v. Atlanta, 178 Ga. 514, 518-519 (173 S.E. 817, 99 A.L.R. 158).
2. Where a municipal corporation itself is maintaining a nuisance, and a proper case exists for its abatement, equity will take jurisdiction notwithstanding the provisions of the Code, § 72-401, which prescribe the manner of abatement when the nuisance complained of shall exist in an incorporated town or city. Compare Butler v. Thomasville, 74 Ga. 570; Hill v. McBurney Oil Fertilizer Co., 112 Ga. 788
(38 S.E. 42, 52 L.R.A. 398); Williamson v. Souter, 172 Ga. 364 (157 S.E. 463).
 No. 13086. FEBRUARY 24, 1940.
C. W. Kiker filed his petition in the superior court of Fannin County against the City of Blue Ridge, in which he alleged that he was the owner of a described tract of land lying within the said city, and that the city was maintaining a certain sewer line which emptied upon petitioner's said property and which carried a large amount of sewage; that as a result of the operation and maintenance of the sewer line noxious gases and offensive odors were emitted therefrom, which caused damage to his property, and *Page 718 
that the maintenance and operation of the sewer constituted a nuisance. He alleged that he had endeavored to obtain some relief from the intolerable conditions, but without any result from his appeal to the city authorities, and that because of said condition he had been prevented from developing and improving his said property; that part of his described tract was adjacent to the tracks of the Louisville Nashville Railroad, where it was suitable for commercial and manufacturing purposes; that he had located there a lumber yard, and intended to erect a plant for planing, finishing, and manufacturing lumber and lumber products; that other parts of his described lands were suitable for residence purposes; but that the city's sewer, maintained in the manner described, and which it was alleged emptied in a small ditch on petitioner's property, prevented his development of any part of his property for either residential or commercial purposes, for both of which, but for the nuisance alleged, it was normally and profitably adaptable. His prayers were: that the city and its governing authorities be enjoined from maintaining and permitting the sewer to empty into and upon his said properties, in the open manner described, and to carry the sewage, filth, and waters thereof through an open ditch or small stream through petitioner's property, and from maintaining the sewer upon the surface of the ground, or so near thereto as to allow the same to leak and discharge the sewage therefrom upon petitioner's said property; and that the sewer and the ditch or bed of the stream into which it pours upon petitioner's property be adjudged to be a continuing nuisance, and that the same be abated.
The defendant filed a general and special demurrer, which was overruled. Upon the trial there was evidence tending to show that in some places the sewer line was not under the ground and it developed leaks from which foul matter and unpleasant odors were emitted, and that particularly in dry seasons there was not water enough in the ditch or branch to carry off the raw sewage, and that its residue was scattered on the premises; that the stench therefrom was annoying and harassing, and could be detected for a considerable distance. There was evidence to the effect that in dry weather there were cesspools that bred mosquitos, and that the condition as a whole was such as to make less valuable plaintiff's property. *Page 719 
The jury rendered a verdict in favor of the plaintiff. Whereupon the court entered a judgment decreeing the acts complained of to be a continuing nuisance, and further ordering that the defendant, its agents and employees, be permanently enjoined and restrained as prayed for in the petition. A motion for new trial was overruled, and the City of Blue Ridge excepted.
The foregoing statement indicates the kind of suit shown by the record, and the character of the evidence before the jury. A property owner sought the aid of a court of equity to enjoin the continuance of a nuisance, and asked that it be abated. Under the evidence, the jury were authorized to find that the condition referred to was a nuisance with special injury to the plaintiff. No new principle of law is involved, nor any novel application of any rule. It would serve no useful purpose to set out in detail the several grounds of special demurrer. They have all been examined and are without merit. The trial judge did not err in overruling the demurrers. The grounds of the amended motion complain of various extracts from the charge of the court. None of them are of such a nature as to require the grant of a new trial. The instructions given to the jury were full and fair. The evidence was sufficient to support the verdict. The judge did not abuse his discretion in refusing to grant a new trial.
Judgment affirmed. All the Justices concur.