WALLER *v.* LANIER, solicitor-general.

No. 14909. JULY 10, 1944.

*C. T. McCorkle* and *T. Ross Sharpe,* for plaintiff in error.
*W. H. Lanier* and *B. P. Jackson,* contra.

WYATT, Justice. "If a nuisance complained of shall exist in a town or city under the government of a mayor, intendant, aldermen, wardens, or a common council or commissioners, such nuisance, by and with the advice of said aldermen, wardens, council, or commissioners, may be abated and removed by order of said mayor, intendant, or commissioners; but if the nuisance complained of shall exist in a city having a population of 20,000 or more, the police court of such city, whether known as mayor's or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance, and, if found to exist, to order its abatement, which order shall be directed to and executed by the sheriff or the marshal of said town or city, or his deputy." Code, § 72-401. This court has recognized certain exceptions to the rule laid down in the above-quoted Code section, and under the circumstances of these cases, has held that equity will take jurisdiction. We will refer to some of these decisions. In *Mayor & Council of Columbus* v. *Jaques,* 30 *Ga.* 506, the municipality itself was a party, and for that reason equity assumed jurisdiction. In *Williamson* v. *Souther,* 172 *Ga.* 364 (157 S. E. 463), equity assumed jurisdiction because the city had accepted dedication of the land on which the street in controversy was located, and therefore was an interested party. *Hill* v. *McBurney Oil & Fertilizer Co.,* 112 *Ga.* 788 (38 S. E. 42, 52 L. R. A. 398), was a case in which, "it appears that a majority of a town council are disqualified by reason of removal from town, interest in the case, or relationship to the parties," and equity assumed jurisdiction. In *Calhoun* v. *Gulf Oil Corporation,* 189 *Ga.* 414 (5 S. E. 2d, 902), it was held that the plaintiff had waived the disqualification of the city authorities by voluntarily submitting the question for their consideration. *City of Blue Ridge* v. *Kiker,* 189 *Ga.* 717 (7 S. E. 2d, 237), dealt with a nuisance which the city itself maintained, and equity assumed jurisdiction. In the instant case, no reason is offered why the city authorities were disqualified, other than the contention to the effect that the mayor was in sympathy with the operators of the slot machines. The city is governed by a mayor and five councilmen; and surely it can not be contended that simply because the mayor, one out of six, has views not in harmony with the other five members of the governing body, the city authorities are disqualified, and for that reason equity will assume jurisdiction. We do not think this position tenable.

It is further contended that equity should assume jurisdiction because the alleged nuisance is a public nuisance. The Code section first cited in this opinion makes no such distinction. "To abate a nuisance, public or private, the remedy provided in the Code, § 4094-9 [now § 72-401] should be resorted to, unless the special facts make·that remedy inadequate." *Broomhead* v. *Grant,* 83 *Ga.* 451. See *Spencer* v. *Tumlin,* 155 *Ga.* 341 (116 S. E. 600). "If the nuisance was a public one merely, and no private individual suffered special damages therefrom, then the proceedings to abate the same should have been in the name of the city, acting either upon the motion of the corporate body itself, or in the name of the city upon the application of some citizen." *Trust Company of Ga.* v. *Ray,* 125 *Ga.* 485, 486 (54 S. E. 145).

We conclude that the Code section first cited in this opinion means what it says, and that when proceedings to abate a nuisance, public or private, alleged to exist within an incorporated municipality, are brought, the proper forum is the municipal authorities, unless there are special circumstances, requiring the intervention of equity. No such special circumstances are here alleged. *Rose Theatre* v. *Lilly,* 185 *Ga.* 53 (193 S. E. 866); *Atkinson* v. *Lam Amusement Co.,* 185 *Ga.* 379 (195 S. E. 156), and *Rosser* v. *Lam Amusement Co.,* 185 *Ga.* 725 (196 S. E. 404), are all cases in which it was sought simply to enjoin the operation of moving-picture shows on the Sabbath day only, a perfectly legitimate business on other days. There was no effort to permanently abate the operation of picture shows as a public nuisance, but simply to· enjoin the defendants from operating them on the Sabbath day; hence equity assumed jurisdiction. The instant case is a proceeding to generally and permanently abate the thing complained about, slot machines, as a public nuisance on all days and at all times, and does not fall within the rule laid down in the picture-show cases.

The demurrer, designated as a plea to the jurisdiction, having been erroneously overruled, all that thereafter followed was nugatory. *Judgment reversed. All the Justices concur.*