## LEE *v.* LEE.

DUCKWORTH, Justice. 1. While under numerous decisions of this court injunction is not an available remedy to evict a person from actual adverse possession of property and to admit another, thus in effect compelling the performance of an affirmative act and in violation of the Code, § 55-110, still an injunction will lie in a meritorious case, at the instance of a wife who is suing her husband for divorce on the ground of cruel treatment, to enjoin him from entering her own dwelling house and eating and sleeping there over her protest and against her consent. *Lyon* v. *Lyon*, 102 *Ga.* 453 (31 S. E. 34). Compare

*Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900) ; *Marshall* v. *Matthews*, 149 *Ga.* 370 (100 S. E. 103) ; *Killian* v.' *Cherokee County*, 169 *Ga.* 313 (150 S. E. 158) ; *Rosser* v. *Styron*, 171 *Ga.* 238 (155 S. E. 23).

2. Where the petitioner brought an action against the husband on the ground of cruel treatment, and also sought to enjoin him from remaining in the home occupied by them, and such other and further relief as to the court might seem proper, and on a hearing there was evidence authorizing the court to find that the title to the dwelling house was in the wife, she having owned certain property at the time of her marriage and by successive trades having acquired the present home, and that certain payments on the outstanding purchase-money notes made by the husband in each transaction and claimed by him to give him an equity in the property were made, as contended by the wife, under an agreement after their marriage that he should live in her home with her and make such payments instead of paying rent elsewhere, and that, therefore, he had no equity in or adverse possession of the premises, and that she had ceased to live with him as his wife because of alleged acts of cruel treatment towards her and had ordered him to vacate—the court did not err in enjoining him, on the interlocutory hearing, from entering upon the premises after a named date.

*Judgment affirmed. All the Justices concur.*

No. 15437. MAY 10, 1946.

W. *Owen Slate* and *Charles W. Bergman,* for plaintiff in error.
*Pierre Howard,* contra.