1. The portion of the petition and prayers which sought to abate a nuisance, alleged to exist within an incorporated municipality, but which alleged no special circumstances requiring the intervention of a court of equity, was properly stricken on demurrer.
2. A building, under construction on the premises of a partnership engaged in the business of manufacturing ice and the storage of certain products, which, when completed, is to be used for the sole purpose of storing their automobiles, trucks, tires, and accessories used in connection with their business, is a "garage for private usage" under the terms of a city ordinance containing building regulations.
 No. 15533. SEPTEMBER 6, 1946.
Mrs. J. M. Mitchell and others filed in Bulloch Superior Court against A. B. Green Sr. and others doing business as City Ice Company, a proceeding to abate as a nuisance the business then being operated, and to enjoin the completion of an additional building which was under construction.
It was alleged that City Ice Company was located in a residential section of the City of Statesboro, and operated the business of manufacturing ice, curing meat, and the handling and sale of fish and other like products; and that, on account of certain specified reasons, the premises were in an unsanitary condition conductive to the spreading of disease and injury to the health of the people. *Page 257 
It was also alleged that the defendants were constructing a new building. upon the same premises for the purpose of being used as a garage and storage room; and that such building is unsuited to the locality, is obnoxious and detrimental to all adjacent residences and property owners, and constitutes a nuisance.
The petition further alleged that the new building was being constructed under a permit granted by the city, which was obtained without complying with a city ordinance; that the building being "outside of the inner fire zone of said city," the permit was in violation of an ordinance providing, "it shall be unlawful for any person or persons, firm, or corporation to erect [outside of the inner fire zone] any building to be used for any purpose other than residential purpose except garages for private usage, hotels or boarding houses, and churches or school buildings," and an amendment to the ordinance adding, "except in such locations . . as may be better adapted to commercial usage rather than for residential purposes, and then with the consent of the mayor and council . . and a majority of the property owners . . within a distance of two hundred feet." It was also alleged that the building was not being constructed in a location which was better adapted to commercial usage rather than residential purposes, and that a majority of the property owners within two hundred feet had not consented thereto.
The prayers were for process; for a temporary and permanent injunction from continuing with the construction of the building and from maintaining the building as a nuisance; and that City Ice Company, its premises and surroundings, be declared a nuisance and abated.
A rule nisi and temporary restraining order were granted. City Ice Company filed a general and special demurrer and an answer.
At an interlocutory hearing with regard to an injunction, the court sustained one of the grounds of demurrer as to the nuisance feature of the case, on the ground that under the Code, § 72-401, the power to abate the nuisance was vested in the mayor and council; and upon hearing the facts as to whether the permit for the construction of the building was in violation of the ordinance, the court dissolved the restraining order and denied the injunction. Exceptions are to these two rulings. *Page 258 
1. As to the nuisance feature of this case, the law is clear that to abate a nuisance, public or private, alleged to exist within an incorporated municipality, such proceeding must be filed with and determined by the municipal authorities, unless there are special circumstances requiring the intervention of equity. Code, § 72-401; Waller v. Lanier, 198 Ga. 64 (30 S.E.2d 925). The allegations of the petition are not sufficient to give a court of equity jurisdiction on the grounds of a continuing nuisance, as discussed and applied in Poultryland Inc. v.Anderson, 200 Ga. 549 (1a) (37 S.E.2d 785).
It is insisted here that the permit to construct the garage building having been issued under authority of the city council, the city has become a party at interest and is disqualified to act in the premises, and for that reason a court of equity should assume jurisdiction. Whether or not, under any allegations of the petition, the actual construction of the garage building would amount to a nuisance under the decisions in Fisher v. GeorgiaVitrified Brick Co., 121 Ga. 621 (49 S.E. 679), Smyth v.Nelson, 135 Ga. 96 (3) (68 S.E. 1032), Wingate v.Doerun, 177 Ga. 373 (3) (170 S.E. 226), and Pittard v.Summerour, 181 Ga. 349 (182 S.E. 20), need not here be determined. But for reasons hereinafter stated in the second division of this opinion, the fact that the building permit was issued under authority of the city council did not present any special circumstances requiring a court of equity to assume jurisdiction. Accordingly, there was no error in sustaining the demurrer to this effect.
2. The plaintiffs in error insist that the court erred in dissolving the restraining order and denying the injunction, and contend that the building permit was issued, and the construction of the garage building was proceeding, in violation of the provisions of the city ordinance; contending that the building under construction was outside of the inner fire zone, and that the consent of a majority of property owners, whose property lies within two hundred feet of the location of the proposed building, had not been obtained. Upon the hearing the evidence was undisputed that no consent had been given by a majority of the adjoining property owners, as provided in the amendment to the ordinance. *Page 259 
Under the view we take of this case, the issues are not controlled by the amendment to the ordinance but by the original ordinance, which, in substance, permits the construction, outside of the inner fire zone, of residences, garages for private use, hotels or boarding houses, and churches or school buildings. Upon the hearing the evidence demanded a finding that City Ice Company was constructing the building for the sole purpose of storing their automobiles, trucks, tires, and like accessories, used in connection with their ice, coal, and fish business. Under these facts the court was authorized, if not required, to find that the building under construction was a garage for private use, which under the ordinance of the city required no consent of adjoining property owners to construct. The mere fact that the garage was being built to store automobiles and trucks, which were used in connection with a commercial enterprise, would not place it beyond the pale of being a garage for private use. A business establishment could have a garage for private use the same as an individual in connection with his dwelling house. Private use by a commercial establishment must be contradistinguished from public use by the public generally. Webster defines "private" as "belonging to, or concerning, an individual person, company, or interest; one's own; not public; not general." In Hudspeth v.Hall, 111 Ga. 510 (36 S.E. 770), a private ferry was defined as one which was not maintained for use by the public at large. For an interpretation of the word "private" as used in the law, see 33 Words and Phrases, 656, and in the same volume "Private Garage," p. 687; "Private Use," p. 725; and "Private Purposes" p. 712.
Accordingly, the court did not err in dissolving the restraining order or in denying the injunction.
Judgment affirmed. All the Justices concur.