Atkinson, Justice.
(After stating the foregoing facts.) As to the nuisance feature of this case, the law is clear that to abate a nuisance, public or private, alleged to exist within an incorporated municipality, such proceeding must be filed with and determined by the municipal authorities, unless there are special circumstances requiring the intervention of equity. Code, § 12-401; Waller v. Lanier, 198 Ga. 64 (30 S. E. 2d, 925). The allegations of the petition are not sufficient to give á court of equity jurisdiction on the grounds of a continuing nuisance, as discussed and applied in Poultryland Inc. v. Anderson, 200 Ga. 549 (1a) (37 S. E. 2d, 785).
It is insisted here that,the permit to construct the garage building having been issued under authority of the city council, the city has become a party at interest and is disqualified to act in the premises, and for that reason a court of equity should assume jurisdiction. Whether or not, under any allegations of the petition, the actual construction of the garage building would amount to a nuisance under the decisions in Fisher v. Georgia Vitrified Bride Co., 121 Ga. 621 (49 S. E. 679), Smyth v. Nelson, 135 Ga. 96 (3) (68 S. E. 1032), Wingate v. Doerun, 177 Ga. 373 (3) (110 S. E. 226), and Pittard v. Summerour, 181 Ga. 349 (182 S. E. 20), need not here be determined. But for reasons hereinafter stated in the second division of this opinion, the fact that the building permit was issued under authority of the city council did not present any special circumstances requiring a court of equity to assume jurisdiction. Accordingly, there was no error in sustaining the demurrer to this effect.
The plaintiffs in error insist that the court erred in dissolving the restraining order and denying the injunction, and contend that the building permit was issued, and the construction of the garage building was proceeding, in violation of the provisions of the city ordinance; contending that the building under construction was outside of the inner fire zone, and that the consent of a majority of property owners, whose property lies within two hundred feet of the location of the proposed building, had not been obtained. Upon the hearing the evidence was undisputed that no consent had been given by a majority of the adjoining property owners, as provided in the amendment to the ordinance.
*259 Under the view we take of this case, the issues are not controlled by the amendment to the ordinance but by the original ordinance, which, in substance, permits the construction, outside of the inner fire zone, of residences, garages for private use, hotels or boarding houses, and churches or school buildings. Upon the hearing the evidence demanded a finding that City Ice Company was constructing the building for the sole purpose of storing their automobiles, trucks, tires, and like accessories, used in connection with their ice, coal, and fish business. Under these facts the court was authorized, if not required, to find that the building under construction was a garage for private use, which under the ordinance of the city required no consent of adjoining property owners to construct. The mere fact that the garage was being built to store automobiles and trucks, which were used in connection with a commercial enterprise, would not place it beyond the pale of being a garage for private use. A business establishment could have a garage for private use the same as an individual in connection with his dwelling house. Private use by a commercial establishment must be contradistinguished from public use by the public generally. Webster defines “private” as “belonging to, or concerning, an individual person, company, or interest; one’s own; not public; not general.” In Hudspeth v. Hall, 111 Ga. 510 (36 S. E. 770), a private ferry was defined as one which was not maintained for use by the public at large. Eor an interpretation of the word “private” as used in the law, see 33 Words and Phrases, 656, and in the same volume “Private Garage,” p. 687; “Private Use,” p. 725; and “Private Purposes” p. 712.
Accordingly, the court did not err in dissolving the restraining order or in denying the injunction.

Judgment affirmed.

All the Justices concur.