33840. DeLONG *v.* KENT.

Decided February 23, 1952.

362

*Wheeler, Robinson & Thurmond,* for plaintiff.

*Telford, Wayne & Smith,* for defendant.

MacINTYRE, P. J. The plaintiff sought to abate the alleged nuisance under the provisions of Code § 72-401. The original statutory provision for the abatement of nuisances in Georgia was contained in the Penal Code of 1833, Tenth Division, Section XXIV (Ga. L. 1833, p. 188; Cobb, p. 817), and that one section covered the abatement of nuisances in the towns and cities as well as the unincorporated areas of the counties; two or more justices of the peace were clothed with jurisdiction of nuisances in the unincorporated areas of the county, and this jurisdiction is extant today under the provisions of Code § 72-201; designated municipal authorities were clothed with jurisdiction of nuisances in the towns and cities, and this jurisdiction is extant today under the provisions of Code § 72-401. This section of the act of 1833 was first divided into various sections

in the Code of 1863 (See Code, 1863, §§ 3995, 3996). It appears from this brief review of the origin of our statutory provisions for the abatement of nuisances that the legislative intent at the time of the passage of the act of 1833 was that the justices of the peace and the designated municipal authorities were clothed with equal authority within their respective territorial jurisdictions to abate nuisances, and what the justices of the peace could do in the county, the municipal authorities could equally do in the towns and cities. If this is true—and we are convinced it is true—the solution to the question of the jurisdiction of the Mayor and Commissioners of Gainesville, a city of less than 20,000 population, to abate a nuisance consisting of the obstruction of a private way, is relatively simple. As early as 1875, the Supreme Court held, in *Salter* v. *Taylor*, 55 *Ga.* 310, that the "stopping or impeding a private way is a private nuisance . . [and] such a nuisance may be abated by a proceeding before two justices of the peace and a jury, under sections 4094 and 4098 of the Code [of 1873]" (Code of 1933, §§ 72-201, 72-202, 72-203), relying upon the authority of *Ruff* v. *Phillips*, 50 *Ga.* 130. Our position on this point is not new and we find a wealth of authority for it in the following cases: *Hart* v. *Taylor*, 61 *Ga.* 156; *Holmes* v. *Jones*, 80 *Ga.* 659 (7 S. E. 168) ; *Savannah, Florida & Western Ry. Co.* v. *Gill*, 118 *Ga.* 737, 745 (45 S. E. 623) ; and see also *Adair* v. *Spellman Seminary*, 13 *Ga. App.* 600, 608 (3) (79 S. E. 589), and cases cited; *Waller* v. *Lanier*, 198 *Ga.* 64 (30 S. E. 2d, 925) ; *Mitchell* v. *Green*, 201 *Ga.* 256 (39 S. E. 2d, 696). We find no special circumstances alleged in the petition such as would invoke the equity jurisdiction of the superior court; and if title to land can be said to be involved at all under the allegations, it is only incidentally so.

From what has been said above, it follows that the municipal authorities of the City of Gainesville had jurisdiction of this petition to abate the nuisance, and the superior court erred in overruling the petition for certiorari.

*Judgment reversed. Gardner and Townsend, JJ., concur.*