18516. CITY OF EAST POINT *v.* HENRY CHANIN
CORPORATION.

ARGUED MARCH 9, 1954—DECIDED APRIL 14, 1954—
REHEARING DENIED MAY 13, 1954.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, D. F. Mc-Clatchey, Sidney Haskins,* contra.

CANDLER, Justice. This litigation arose on October 2, 1953, when Henry Chanin Corporation instituted an equitable proceeding in the Superior Court of Fulton County against the City of East Point, a municipal corporation. Its petition alleges that the defendant had, during April, 1953, completely barricaded and consequently obstructed a public thoroughfare known as Akron Street, which it and its employees used as a means of

ingress and egress to its factory and to residences on its property which its employes occupy. Besides for process, the petition prayed that the defendant be temporarily restrained and permanently enjoined from maintaining the barricade or the obstruction complained of; that the city be required to abate the nuisance resulting from the barricade; and that the petitioner be granted general relief. It is also alleged: that the owners of a tract of land north of but adjacent to the plaintiff's property subdivided their acreage in 1949; that Akron Street was delineated on the plat of their subdivision as a public thoroughfare; that they dedicated the area comprising the street to the defendant for public-street uses; that the city accepted the dedication and the plat was recorded in Fulton County's land records on February 6, 1950; that the defendant thereafter improved the dedicated and accepted area by clearing and grading it for use as a public street, and by laying a water main along it; and that the plaintiff and others have used it as a public street continuously since then. The petition also alleges that the only other means of ingress and egress which the plaintiff has to its property is over Martel Road, but that travel over that public road is frequently interrupted and delayed by trains of the Central of Georgia Railroad Company, over the tracks of which it crosses. By appropriate allegations, the pleader specified the injury and the special damage which the plaintiff had sustained in consequence of the obstruction, but there was no prayer for damages. It is not alleged that the plaintiff is without an adequate and complete remedy at law, nor that equity should for any specified reason intervene for the purpose of preventing a multiplicity of suits. In substance, the petition simply alleges that the defendant has barricaded and consequently obstructed one of its public streets; that it has injured the plaintiff by such wrongful act; and that injunction should issue to prevent the defendant from maintaining the barricade or obstruction, since it is a public nuisance injuriously affecting the plaintiff and causing special damage to its property.

The sufficiency of the petition was attacked by demurrers, general and special. It was demurred to generally on the grounds that it set forth no cause of action, alleged no ground for equitable relief, and showed on its face that the plaintiff has

an adequate and complete remedy at law. It was demurred to specially on several different grounds. The general demurrers and all of the special demurrers except three were overruled, but as to those three grounds of special demurrer which were sustained, the pleader was granted leave to amend in one day. This ruling was not excepted to.

By an amendment the pleader undertook to relieve the petition of the deficiencies pointed out by the demurrant in those three grounds of special demurrer which the court sustained. It also alleged affirmatively that Akron Street followed "approximately" an old road which had existed for many years, and which during that time was the connecting link between Martel Road and Washington Avenue. The amendment, when tendered, was allowed subject to demurrer. On December 21, 1953, the defendant renewed all of the demurrers which it had interposed to the original petition and urged them to the petition as amended and also demurred to the petition as amended on further grounds. Subsequently, but on the same day, the plaintiff tendered another amendment to the amended petition, and by that amendment alleged that the use of Akron Street as a public street by the public had been open and continuous for more than 13 years prior to the date upon which the original petition was filed. This amendment was allowed subject to objection and demurrers. The defendant interposed objections to the allowance of the amendment upon the ground that the petition as amended sought equitable relief by injunction on two theories, namely, a public road created by dedication, acceptance, improvement, and use by the public in the first instance, and by prescription in the second instance. This objection to the amendment was overruled and that judgment is excepted to. The defendant, after this amendment was allowed subject to demurrer, renewed all of its demurrers to the original petition and all of its additional grounds of demurrer to the petition as finally amended and further demurred to the amended petition specially.

The following judgment was entered: "After hearing and considering the defendant's original demurrers to the plaintiff's petition, and all renewals and additional grounds urged to same as finally amended on December 22, 1953, it is ordered and adjudged by the court that same be and hereby are overruled and

denied on each and every ground." The defendant excepted to this judgment also.

1. It is argued in the brief for the defendant in error that the trial court's ruling on the demurrers to the original petition fixed and became the law of the case; and that such unexcepted-to ruling adjudicated the sufficiency of the petition, as against general demurrer, to state a cause of action for the equitable relief sought thereby. This position is untenable. An amendment to a petition which materially changes the cause of action opens the petition anew to demurrer. Code § 81-1312; *Powell* v. *Cheshire*, 70 *Ga.* 357 (2b) (48 Am. R. 572); *Griffin* v. *Augusta & Knoxville Railroad*, 72 *Ga.* 423 (2b); *Gibson* v. *Thornton*, 107 *Ga.* 545 (2) (33 S. E. 895); *Kelly* v. *Strouse*, 116 *Ga.* 872 (1b) (43 S. E. 280); *Mooney* v. *Mooney*, 200 *Ga.* 395 (37 S. E. 2d 195). And an amendment to a petition which substantially aids and strengthens the plaintiff's cause of action in material respects is one which will open the petition to further demurrer. *Davis* v. *Aultman*, 199 *Ga.* 129 (1) (33 S. E. 2d 317); *Horton* v. *Walker*, 204 *Ga.* 319 (2) (49 S. E. 2d 900). By the original petition in the instant case the plaintiff predicated its right to the relief sought on the theory that the way in question was a public street resulting from a dedication of the land it embraced, acceptance of it by the city, its subsequent improvement by the city authorities for a thoroughfare, and its use by the public for such purpose; and by the amendments to the petition, which were tendered and allowed after a ruling was made on the first demurrers, the plaintiff not only aided and strengthened its petition in material respects by supplying deficiencies in allegations of fact, but also materially changed its cause of action by alleging that the way in question was a public street which had been acquired by prescription, and it is well settled that an amendment to a petition which requires a new defense is one which materially changes the plaintiff's cause of action within the meaning of Code § 81-1312. See *Quillian* v. *Johnson*, 122 *Ga.* 49 (3) (49 S. E. 801); *White* v. *North Georgia Electric Co.*, 136 *Ga.* 21 (3) (70 S. E. 639); *O'Connor* v. *Brucker*, 117 *Ga.* 451 (43 S. E. 731); *Southern Bell Tel. &c. Co.* v. *Parker*, 119 *Ga.* 721 (4) (47 S. E. 194). By the amendments to the petition the plaintiff's cause of action was substantially aided, strength-

ened, and materially changed. This being true, they opened the petition anew to demurrer. Hence, the ruling on the original demurrers did not fix and become the law of the case, as the plaintiff contends.

2. Any permanent structure in a street which materially interferes with travel thereon is a public nuisance. *City Council of Augusta* v. *Reynolds,* 122 *Ga.* 754 (50 S. E. 998); *Williamson* v. *Souter,* 172 *Ga.* 364 (3) (157 S. E. 463). And it is settled law that an individual may apply to the proper court for the abatement of a public nuisance when he shows special damages resulting to himself from its existence. *Moon* v. *Clark,* 192 *Ga.* 47 (14 S. E. 2d 481), and citations. Injury and resulting special damage to the plaintiff are sufficiently alleged by the amended petition in the instant case; no argument is made to the contrary. "If a nuisance complained of shall exist in a town or city under the government of a mayor, intendant, aldermen, wardens, or a common council or commissioners, such nuisance, by and with the advice of said aldermen, wardens, council, or commissioners, may be abated and removed by order of said mayor, intendant, or commissioners; but if the nuisance complained of shall exist in a city having a population of 20,000 or more, the police court of such city, whether known as mayor's or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance, and, if found to exist, to order its abatement, which order shall be directed to and executed by the sheriff or the marshal of said town or city, or his deputy." Code § 72-401. The first provision which § 72-401 contains for the abatement of a nuisance in a town or city came from an act which the legislature passed in 1833. Cobb's Digest, p. 817. The other one came from an act which was passed in 1892 (Ga. L. 1892, p. 64). The two acts were codified together as § 4762 in the Code of 1895, and that section has been carried forward without change in each Code which has been adopted since. The City of East Point is under the government of a mayor and six aldermen; it also has a recorder's court and a recorder, who is appointed by the city council for a term of four years and who may be removed from office by the city council, after trial and conviction, on a written complaint charging him with neglect

of duty, malpractice in office, or other conduct unbecoming his station. He is required to take an oath, preside as judge over the recorder's court, and receives an annual salary from the city, which is fixed by the city council prior to his election and which cannot be changed during his term of office. See Ga. L. 1912, p. 862; 1933, p. 919; 1952, p. 2726.

Section 72-401 of the Code of 1933 provides an adequate remedy for the abatement of a nuisance, public or private, which has been created and which exists within the limits of a town or city, and that remedy must be resorted to for its abatement, unless there are special facts which make the remedy inadequate. *Broomhead* v. *Grant*, 83 *Ga.* 451 (10 S. E. 116). See *Spencer* v. *Tumlin*, 155 *Ga.* 341 (116 S. E. 600). In *City of Columbus* v. *Jaques*, 30 *Ga.* 506, where the city involved had created the nuisance complained of, this court because of that fact held that the statute (the act of 1833), did not provide an adequate remedy. Hence the injured party could apply to a court of equity for a decree abating the nuisance. However, that case was decided by this court prior to the act of 1892, and the municipality involved had a population of less than 20,000. Since the act of 1892 was passed, we have had for decision *Hill* v. *McBurney Oil &c. Co.*, 112 *Ga.* 788 (38 S. E. 42, 52 L. R. A. 398); *Williamson* v. *Souter*, supra; *Calhoun* v. *Gulf Oil Corp.*, 189 *Ga.* 414 (5 S. E. 2d 902); and *City of Blue Ridge* v. *Kiker*, 189 *Ga.* 717 (7 S. E. 2d 237); which were cases where the town or city involved had either created the nuisance or where the governing authorities of the municipality were for some special reason disqualified to act; and, in those cases, we applied the rule announced in *City of Columbus* v. *Jaques*, supra. But in the four cases last cited the town or city involved likewise had a population of less than 20,000. See *Waller* v. *Lanier*, 198 *Ga.* 64 (30 S. E. 2d 925), where Mr. Justice Wyatt collected and discussed the five cases which we have last cited. In those five cases it is said in effect that an injured party ought not to be required to apply to his adversary for relief, nor to those who were for some special reason disqualified to hear and determine his cause. The rulings in those cases are sound but, in the circumstances of this case, they are not controlling. We judicially know—and it is conceded in the brief of the defendant in

error—that the City of East Point has a population of more than 20,000. This being true, the plaintiff was by Code § 72-401 required to apply to the city's recorder for an order abating the nuisance complained of. He was a judicial officer. He was not the plaintiff's adversary. He was not disqualified because of any interest in the controversy, nor for any other special reason shown by the record. Under the law and under his oath, he was required to truly, faithfully, and honestly discharge the duties of his office to the best of his skill and ability, without fear, favor or affection, reward or the hope thereof, and do even justice between the city and any other person; and we will not presume that he would have done otherwise. In such a case and under the Constitution of 1945, any decision rendered by him may be reviewed by certiorari in the Superior Court of Fulton County. Code (Ann.) § 2-3905. Accordingly, no special facts appear why the plaintiff's statutory remedy was not adequate and complete; it should have been resorted to.

3. The amended petition contains three prayers. Besides the one for process and the one for general relief, the remaining one is that the defendant be temporarily and permanently restrained and enjoined from maintaining the barricade or the obstruction complained of, or that he be required to abate the alleged public nuisance. This being the relief sought, the case is controlled in principle by *Georgia Pacific Ry.* v. *Mayor &c. of Douglasville,* 75 *Ga.* 828; *Campbell* v. *Deal,* 185 *Ga.* 474 (195 S. E. 432); *Haney* v. *Sheppard,* 207 *Ga.* 158 (60 S. E. 2d 453); and *Levinson* v. *Pendley,* 209 *Ga.* 335 (72 S. E. 2d 306). In this case, as in those cases, the plaintiff complains only of a completed existing wrongful act, for the redress of which he is afforded an adequate and complete remedy at law; and it is settled, beyond any doubt, that a party who complains only of a completed existing obstruction in a public street, as in this case, must pursue the remedy which the statute affords him. As to the character of the nuisance complained of, this case, on its pleaded facts, is distinguishable from *City of Blue Ridge* v. *Kiker,* supra, and *Poultryland, Inc.* v. *Anderson,* 200 *Ga.* 549 (37 S. E. 2d 785), where we held that equity would enjoin a nuisance of the character there complained of. In those cases there were not only nuisances but also constantly recurring in-

jurious consequences which flowed directly from the overt act alleged to be a nuisance.

For the reasons that, (1) the plaintiff had an adequate and complete remedy at law, and (2) the only relief which the plaintiff sought was to require the defendant, by injunction, to abate a public nuisance, fully completed and existing when its suit was filed, the petition as amended failed to state a cause of action, and the court therefore erred in overruling the general demurrers interposed thereto and in refusing to dismiss the amended petition. Since the amended petition should have been dismissed, no ruling on the several grounds of special demurrer will be made.

*Judgment reversed. All the Justices concur, except Almand, J., who dissents.*