## 32918. CITY OF ATLANTA v. WOLCOTT et al.

JORDAN, Justice.

Appellees filed this action alleging that both the continuing use and the continuing development of a major recreational area maintained by the City of Atlanta adversely affected appellees' adjoining property and that this use and development constituted a nuisance.

Appellant made a motion to dismiss on the ground that the superior court did not have original jurisdiction in an action for the abatement of a nuisance within the corporate limits of the City of Atlanta. The trial court overruled the motion to dismiss, ordered appellant to submit a plan for abatement of the nuisance and retained jurisdiction of the case for the purpose of reviewing the plan and making a judgment thereon. The City of Atlanta appeals the overruling of its motion to dismiss.

Appellant bases this appeal on Code § 72-401 which prescribes the method by which nuisances shall be abated in cities having a population of 20,000 or more. The statute provides that the police court of such city shall have jurisdiction to hear and determine the question of the existence of a nuisance and, if found to exist, to order its abatement. Appellant contends that since the appellees did not comply with the provisions of this statute as it relates to the proper forum in which to bring actions for the abatement of an alleged nuisance within the City of Atlanta, the action should have been dismissed.

The Georgia Constitution provides in Art. VI, Sec. IV, Par. I that superior courts shall have exclusive jurisdiction in equity cases. Code Ann. § 37-120 limits equitable jurisdiction to those circumstances where an adequate and complete remedy is not provided by law.

The question presented in this appeal is whether Code Ann. § 72-401 provides appellees a complete and adequate remedy at law.

In situations where there is a continuing nuisance, Code § 72-401 does not afford an adequate remedy at law and a court of equity will entertain jurisdiction to enjoin the nuisance and have it abated. *Town of Rentz v. Roach,* 154 Ga. 491 (115 SE 94) (1922); *City of East Point v. Henry Chanin Corp.,* 210 Ga. 628 (81 SE2d 812) (1954). In the trial judge's findings of fact he found the nuisance complained of by appellees did not result from the existence of a nuisance per se but from the continuing overuse of the park by members of the public, absent controls. The relief granted was not to order the removal of the recreational facilities as is contemplated by Code § 72-401, but to order the appellant to develop a plan to control the public use of the park. Such relief would have been beyond the power of the municipal court of Atlanta, and jurisdiction was properly maintained in the superior court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 28, 1977 — DECIDED NOVEMBER 28, 1977.

*Ferrin Y. Mathews, Bernard R. Thomas,* for appellant.

*Sidney L. Moore, Jr., Sherman S. Barge, Wayne M. Purdom,* for appellees.